WILLIAM H. STONE, as Administrator, etc., of ARTHUR STONE, Deceased, Respondent, *v.* THE GROTON BRIDGE AND MANUFACTURING COMPANY, Appellant.

*Statute of a foreign State giving a cause of action — recovery under, in New York — the incapacity of a plaintiff to sue must be raised by answer or demurrer.*

Although the statutes of the various States, giving causes of action in case of the death of a person caused by the wrongful act or negligence of another, have no extra-territorial force, the courts of the State of New York, as a matter of comity, where the statutes of the State in which the cause of action arises and that of the State of New York are similar, and where they have jurisdiction of defendant, will furnish the machinery to prosecute the claim, but it is the statute of the State wherein the cause of action arose and not that of the State of New York which the courts of the latter State will enforce in such cases, and an action under such statute is maintainable only by the person who, by the terms of the statute of the State wherein the cause of action arose, is authorized to maintain the same.

The question of the capacity of a plaintiff to sue can be raised only by answer or demurrer, and if not so raised it is deemed to have been waived, but the question whether a complaint states facts sufficient to constitute a cause of action can be raised at any time during the trial of the action and need not be presented either by answer or demurrer.

APPEAL by the defendant, The Groton Bridge and Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cayuga on the 14th day of July, 1893, upon the verdict of a jury for $1,000 after a trial at the Cayuga Circuit, and also from an order entered in said clerk's office on the 14th day of July, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes, as amended, in pursuance of a stipulation, by an order entered in said clerk's office on the 22d day of July, 1893.

*S. D. Halliday*, for the appellant.

*H. Greenfield*, for the respondent.

LEWIS, J. :

This action was brought by the plaintiff, as administrator of the estate of Arthur Stone, deceased, against the defendant, a domestic corporation, incorporated under the laws of the State of New York, to recover damages for the negligent killing of the intestate by the defendant.

The intestate was a resident of the county of Cayuga, New York. He was an employee of the defendant and was, at the time of the accident which resulted in his death, working upon a bridge which the defendant was engaged in building at Hancock, Maryland. The deceased left him surviving a mother, brothers and sisters, but no father, widow or children.

Plaintiff, a brother of deceased, was duly appointed administrator of Arthur's estate by the surrogate of Cayuga county, and brought this action as such administrator to recover the damages sustained by the death of the deceased, basing his claim upon a statute of the State of Maryland passed in 1852, which provides for the recovery of damages for the negligent killing of a person in case the person injured, if death had not ensued, would have been entitled to recover.

It further provided that every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused, and shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages. There are other provisions of the act not necessary to be mentioned.

The Maryland statute was fully set out in the plaintiff's complaint, and it was therein alleged that by virtue of the laws of that State there had accrued to the plaintiff a cause of action against the defendant for the sum of $5,000, for which sum judgment was demanded.

The liability of the defendant was put in issue by the answer, and at the opening of the trial the defendant's counsel moved for a dismissal of the complaint on the ground that it did not set up facts sufficient to constitute a cause of action, and upon the further ground that there is such a dissimilarity in the statutes of the States of Maryland and of New York that the courts of this State will not, as a matter of comity, enforce the Maryland statute, and further, that the Maryland statute cited provides that the action must be brought in the name of the State of Maryland, and that the action could only be maintained in the name of that State.

At the close of the evidence the defendant renewed his motion on the grounds stated and upon the further ground that the plaintiff had not proved facts sufficient to constitute a cause of action.

No question is made but that a cause of action existed against the defendant under the laws of the State of Maryland for the killing of the deceased. The question here presented is : Who is entitled to maintain the action and recover the damages ? Can it be prosecuted in the name of the plaintiff as administrator of the estate of his brother ?· Although the statutes of the various States, giving causes of action in such cases, have no extra-territorial force, our courts, as a matter of comity, where the statutes of the State in which the cause of action arises and ours are similar, and where we have jurisdiction of the defendant, will furnish the machinery to prosecute the claim ; but it is the statute of the State where the cause of action arose that we enforce, and not ours.

The main purpose of the statute of Maryland and ours is similar. In some respects they are unlike.

Under our statute the beneficiaries are the husband, wife or next of kin. Under the Maryland act the wife, husband, parent and child of the deceased are the beneficiaries.

Under the facts in this case the mother is the sole beneficiary, as the deceased left no wife, father or child, but left a mother. Neither the brothers nor sisters have any claim under that statute.

Assuming that the matters of difference in the two statutes are not so radical as to prevent our courts enforcing the Maryland act, there is, we think, an insuperable difficulty in the plaintiff's maintaining this action. As we have seen, the mother is the sole beneficiary.

The entire recovery would go to her. The cause of action arose in the State of Maryland, and the right to prosecute the action here is controlled by the statute of that State.

If the action had been instituted in the State of Maryland it must be prosecuted in the name of that State. If the plaintiff could not have recovered in the courts of Maryland in his name as administrator, we are not able to see how he can prosecute the action here.

It seems to be settled by authority that the action is maintainable only by the person who is, by terms of the statute of the State where the cause of action arose, authorized to maintain it.

In the case of *Wooden* v. *The W. N. Y. & P. R. R. Co.* (126 N. Y. 10) plaintiff's husband was killed in the State of Pennsylvania, through the negligence of the defendant.

She brought an action to recover damages in her own name in the Superior Court of Buffalo, basing her right to recover upon the laws of the State of Pennsylvania.

Under the laws of that State the right of action in such cases is given to the widow for her own benefit and that of the children of the deceased.

It was held that the action was properly brought in her name, and Judge FINCH in his opinion says : "It is the cause of action created and arising in Pennsylvania which our tribunals vindicate upon principles of comity, and, therefore, must be prosecuted here in the name of the party to whom alone belongs the right of action. And that rule the courts of Pennsylvania enforce where the cause of action arises here by permitting it to be brought by the executor or administrator, to whom, by our law, the right is given, although not by their own." (*Usher* v. *W. Jersey R. Co.,* 126 Penn. St. 207.)

The same rule is laid down in *Selma, R. & D. R. R. Co.* v. *Lacey* (49 Ga. 106); *Belding* v. *Black Hills & St. Pierre R. R. Co.* (52 Am. & Eng. R. R. Cases, 624); *Illinois Central R. R. Co.* v. *Hunter* (70 Miss. 471).

Tiffany, in his work on Death by Wrongful Act, section 201, states the rule to be that "If the right to sue is given by the foreign statute directly to the beneficiaries they only are entitled to sue, notwithstanding that the statute of the State of the tribunal gives the right of action to the personal representatives." The plaintiff, neither personally nor as administrator of his brother's estate, appears to have any interest in the claim. The mother, who is the sole beneficiary, is not a party to the action, and, so far as appears from the record, was not present at the trial and never had, so far as appears, any knowledge that such an action was pending.

If the plaintiff should succeed in holding this judgment it would not be a bar to an action brought by the State of Maryland for the benefit of the mother. If the beneficiary in this case were not able to induce the State of Maryland to prosecute her claim she would probably be remediless. If it should be held that she was entitled to maintain an action in our courts in her own name, she being the sole beneficiary, that would not remove the obstacle to the plaintiff's recovery.

He does not claim to have any authority from the beneficiary to prosecute this action for her benefit.

The question of the plaintiff's capacity to sue would be raised only by answer or demurrer. (Code Civ. Proc. §§ 498, 499.)

And if not so raised it is deemed to have been waived. But whether the complaint states facts sufficient to constitute a cause of action can be raised at any time during the trial, and need not be presented either by answer or demurrer.

The plaintiff here has the legal capacity to sue, but he has no cause of action against the defendant.

The defendant's motion for a nonsuit should have been granted.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from reversed and new trial granted, costs to abide the event.