HOLLENBACH v. ELMORE & H. CONTRACTING CO. BICKEL v. SAME. GREEN v. SAME.

(Circuit Court, N. D. New York. December 21, 1909.)

1. Courts (§ 363*)—State Laws as Rules of Decision—Action for Wrongful Death.

Code Pub. Gen. Laws Md. 1888, art. 67, authorizing an action in the name of the state for wrongful death for the use of the persons entitled to damages, who are the wife, husband, parent, or child of the person killed, is not so inconsistent with Code Civ. Proc. N. Y. §§ 1902, 1903, relating to the same subject and authorizing a recovery by the executor or administrator for the benefit of the same persons, that the federal courts sitting in New York would not take cognizance of and enforce the Maryland law in actions for wrongful death occurring in Maryland.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 363.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. Courts (§ 309*)—Federal Courts—Character of Parties—Real and Nominal Party.

For purposes of jurisdiction, the federal courts regard the real rather than the nominal party.

[Ed Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 309.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Actions by Harry S. Hollenbach and by William H. Bickel and by Francis. Green, as administrators, etc., against the Elmore & Hamilton Contracting Company to recover damages for alleged wrongful death under the laws of Maryland. On demurrers to the complaint. Overruled.

Frost, Daring & Warner, for plaintiffs.
Edgar T. Brackett, for defendant.

RAY, District Judge. The plaintiffs, as administrators, etc., bring these actions, respectively, to recover damages for the death of their intestates alleged to have been caused by the negligence and wrongful act of the defendant, the Elmore & Hamilton Contracting Company, in constructing concrete piers for a bridge being erected by the Washington & Berkeley Bridge Company, a West Virginia corporation, over the Potomac river at or near Williamsport, state of Maryland. The accident in which the various intestates lost their lives occurred on or about the 16th day of December, 1908. The said Washington & Berkeley Bridge Company was engaged in erecting the entire bridge including piers and superstructure. That company entered into a contract with the defendant, the Elmore & Hamilton Contracting Company, to erect the piers which were to be of concrete mixed and put together according to certain specifications. The Washington & Berkeley Bridge Company entered into a contract with the Pennsylvania Steel Company to erect and place on such piers when completed the superstructure of such bridge which was to be of steel. At some point at least the superstructure was some 40 or 45 feet above the ground and was to rest upon and be supported by the piers. The defendant company knew the use to which such piers were to be put and knew of the contract between the Washington & Berkeley Bridge Company and the Pennsylvania Steel Company, and knew that it would be necessary for men to go upon the said superstructure resting upon such piers for the purpose of putting same together, and that it would be necessary to use machinery and tools in so doing. There was no contract between the Pennsylvania Steel Company and the defendant company. The plaintiffs' intestates were employed by the Pennsylvania Steel Company in erecting and placing the superstructure upon the piers which had been completed and turned over by the defendant company to the bridge company when one of the piers disintegrated and crumbled away and the intestates of the plaintiffs in these actions were precipitated to the ground and killed or injured, so that they died. The machinery and tools of the Pennsylvania Steel Company were destroyed in the same accident.

The complaints in these actions allege among other things and in addition to the facts stated that the workmen employed by the Pennsylvania Steel Company were not skilled in the erection of concrete, and that the defendant company knew such fact and knew that such workmen were entitled to and would rely upon the proper performance by the defendant of its duty in the construction of such piers and knew the burdens which the piers were intended to support and maintain, and the purposes for which the piers and bridge were intended

to be used; also, that it was the duty of the defendant to use due care in the selection of materials and in the mixing of the concrete of which the piers were to be constructed, and in setting same in place, and to employ competent and experienced workmen in the performance of such duties, and to take due care that the concrete piers when erected and in place should be so constructed and erected as to give the necessary support to the superstructure and other burdens to be placed thereon, and that defendant had due notice thereof; that the defendant by its officers, agents, and employés, in violation of its duties and obligations, carelessly and negligently selected the materials and mixed the concrete used in the construction of pier No. 10, and knowingly used improper material in the construction of said concrete, and failed and neglected to use the ordinary, usual, and proper machinery, and failed and neglected to use suitable and proper methods in mixing such concrete, and carelessly and negligently set and constructed the same after the same had been so improperly made and mixed, and in various other ways and manners negligently and improperly constructed said pier No. 10, and then prior to the 16th day of December, 1908, delivered the said piers to the bridge company, knowing that the same were to be used for sustaining the said burdens above mentioned.

The complaints then allege that, in consequence of the said "wrongful, careless, negligent and unlawful acts of the defendant, said pier No. 10 was improperly made and constructed, and the same was rotten, weak, and wholly insufficient to support the weight of the superstructure and other burdens so to be placed thereon as aforesaid as the defendant well knew, and the defendant nevertheless wrongfully turned over the said pier to the said bridge company, representing that the same had been properly constructed and completed, and was capable of bearing the weight of the said superstructure and other burdens as aforesaid, which defendant knew were to rest thereon, and inviting the erection upon said pier of said superstructure; that the said defects of the said pier were latent and undiscoverable, and were not observable or discoverable by the use of ordinary care on the part of plaintiff, but were fully known to the defendant as aforesaid."

The complaints also allege, respectively, that the plaintiffs' intestates were killed by being precipitated to the ground by the disintegration and falling to pieces of pier No. 10, and that the injuries sustained were due and owing "to the aforesaid wrongful acts and negligence of the defendant and without any fault or omission" on the part of said intestates. The complaints then set forth, respectively, the residence, citizenship, etc., of said intestates and the widows and children left by them, respectively, and also set forth the statutes of the state of Maryland and the statutes of the state of New York, giving a right of action for the benefit of the widow, heirs at law, and next of kin for wrongful acts and negligence in such cases.

The Pennsylvania Steel Company has brought action against the defendant company to recover damages for the loss and destruction of its tools and property alleged to have been caused by the said negligence and wrongful act of the defendant company. The defendant demurred to the complaint and this court has just handed down its

opinion in that case overruling the demurrer, and holding that the defendant company is liable for its negligence in the respects named to third persons injured thereby notwithstanding the absence of contractual relations between the injured persons and the defendant company, and on the ground that the defendant company owed a duty to such third persons imposed by law to safely and properly construct such piers, and, if unsafe or improperly constructed, to inform persons going thereon or about to go thereon or using same or about to use same, if known to the defendant, of their dangerous character and condition. The opinion in that case covers all the propositions presented here except the one now to be considered. The Maryland statutes (Code Pub. Gen. Laws, 1888, art. 67) read as follows:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused and shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages; and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above mentioned parties, in such shares as the jury by their verdict shall find and direct; provided, that not more than one action shall lie for and in respect of the same subject matter of complaint; and that every such action shall be commenced within 12 calendar months after the death of the deceased person.

"The word 'person' shall apply to bodies politic and corporate, and all corporations shall be responsible under this article for the wrongful acts, neglect or default of all agents employed by them."

The substance of these provisions is:

(1) When the death of a person is caused by the wrongful act, neglect, or default of another, and the party injured, if death had not ensued, could have maintained an action to recover damages for the injuries caused by such act, neglect, or default, the person or corporation who would have been liable to the injured person shall still be liable and subject to an action in damages for such act, neglect, or default.

(2) Every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been caused by such wrongful act, neglect, or default.

(3) Every such action shall be brought by and in the name of the state of Maryland for the use of the person entitled to such damages.

(4) The jury may give such damages as they think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action is brought.

(5) The amount recovered after deducting the costs not recovered from the defendant shall be divided amongst the parties recovering damages in such shares as the jury by their verdict shall direct.

(6) But not more than one action shall lie for and in respect of the same subject-matter of complaint.

(7) Such action must be commenced within 12 months after the death of the person injured.

(8) Corporations are responsible for the wrongful acts, neglect, or default of all agents employed by them.

The general statutes of the state of New York (Code Civ. Proc. §§ 1902, 1903) read as follows:

"Sec. 1902. The executor or administrator of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death.

"Sec. 1903. The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration. But the plaintiff may deduct therefrom the expenses of the action, the reasonable funeral expenses of the decedent and his commissions upon the residue; which must be allowed by the surrogate, upon notice, given in such a manner and to such persons, as the surrogate deems proper."

The substance of these provisions is:

(1) When the death of a person is caused by wrongful act, neglect, or default, and the party injured could, if death had not ensued, have maintained an action to recover damages for such act, neglect, or default, the person or corporation who would have been liable to the injured person shall still be liable and subject to an action for such act, neglect, or default.

(2) The action is for the benefit of the decedent's husband, wife, and next of kin.

(3) The action is brought and maintained by the executor or administratrix of the deceased person.

(4) The damages are fixed by the jury in one lump sum. The jury does not apportion.

(5) The damages recovered are distributed by the executor or administrator as if they were unbequeathed assets deducting the expenses of the action, funeral expenses, and commissions.

(6) Only one action can be maintained.

(7) The action must be commenced within two years after the death of the injured person.

(8) Corporations are responsible for the wrongful acts, neglects, or defaults of its agents representing the corporation and acting within the scope of their employment.

The main and substantial differences between the two statutes are:

(1) In Maryland the action must be prosecuted in the name of the state while in New York the action must be prosecuted in the name of the executor or administrator of the deceased person. In both cases, however, the action is for the benefit of the person or classes of persons named.

174 F.—54

(2) In Maryland the jury apportions the damage to each person entitled to share therein, and, if there be a wife and parent and a child, each shall share in the recovery if the jury finds that each suffered damage by the death. In no case does recovery go beyond the husband or wife, as the case may be, and parent and child, while in New York the recovery in one lump sum is to be distributed as in case of intestacy to the husband or wife surviving, as the case may be, and to the children, if any, and the children of the deceased child, if any. Next of kin may go further than this, and the result is that under the New York statute there may be a recovery for the benefit of persons for whose benefit no recovery could be had under the Maryland statute.

(3) Under the Maryland statute, only costs of the action can be deducted from the recovery, while under the New York statute the recovery of damages before division is subject to the payment of the costs of the action, reasonable funeral expenses of the decedent, and commissions of such executor or administrator.

(4) Under the Maryland statute, corporations may be held responsible in cases where they could not be held liable for damages for the acts of their agents under the New York statute.

The real question is whether the statute of the state of Maryland above quoted and in which state this cause of action arose is, in substance, inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced, viz., the state of New York.

In Stewart v. Baltimore & Ohio Railroad Company, 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537, the plaintiff's intestate was killed in a railroad collision which occurred in the state of Maryland. The statutes in the state of Maryland then in force were those quoted. The action was brought in the District of Columbia. The statute in force in the District of Columbia at that time was Act Feb. 17, 1885, c. 126, 23 Stat. 307, and "provides for recovery in case the act causing death is done within the limits of the District of Columbia; that 'the person who or corporation which would have been liable if death had not ensued shall be liable to an action for damages for such death, notwithstanding the death of the person injured;' that the recovery shall not exceed $10,000; that the action shall be brought in the name of the personal representative of the deceased, and within one year after his death, and that the damages recovered shall not be appropriated to the payment of the debts of the deceased, but enure to the benefit of his or her family and be distributed according to the provisions of the statute of distributions."

The Court of Appeals of the District of Columbia held that the action could not be maintained, but the Supreme Court of the United States reversed the holding, and held:

"The Supreme Court of the District of Columbia has jurisdiction of an action sounding in tort brought by the administrator of a deceased person against the Baltimore & Ohio Railroad Company to recover damages for the benefit of the widow of the deceased by reason of his being killed by a collision which took place while he was traveling on that railroad in the state of Maryland. The purpose of the several statutes passed in the states in more or less conformity to what is known as Lord Campbell's act is to provide the means for recovering the damages caused by that which is in its

nature a tort, and, where such a statute simply takes away a common-law obstacle to a recovery for the tort, an action for that tort can be maintained in any state in which that common-law obstacle has been removed, when the statute of the state in which the cause of action arose is not, in substance, inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced. While, under the Maryland statute authorizing the survival of the right of action, the state is the proper plaintiff and the jury trying the cause is to apportion the damages recovered, and under the act of Congress in force in the District of Columbia the proper plaintiff is the personal representative of the deceased, and the damages recovered are distributed by law, these differences are not sufficient to render the statutes of Maryland inconsistent with the act of Congress, or the public policy of the District of Columbia."

This case settles the question that these actions are properly brought in the name of the administrators, respectively, and that the difference in the modes of assessing the damages provided by the Maryland and New York statutes is immaterial, or at least not sufficient to prevent the maintenance of these actions, and so of the mode of distribution.

As said by Mr. Justice Brewer in the case cited, the substantial purpose of the two statutes is to do away with the obstacle to a recovery caused by the death of the party injured. By each the death of the party injured ceases to relieve the wrongdoer from liability for damages caused by the death, and this is the main purpose and effect of each. In neither state does the nominal plaintiff have any direct pecuniary interest in the recovery. True, in New York, the administrator has commissions upon the balance for distribution. In neither state do the damages recovered become a part of the assets of the estate or liable for the debts of the deceased. The volume of the estate is not to be increased under the laws of either state, and the general purpose and effect of the statutes in both states is to give the damages to the immediate family and relatives of the person killed, generally those who would be under obligation to care for the deceased in case he became unable to care for himself and who have an interest in the preservation of his life.

As was said by the court in the case cited, "for purposes of jurisdiction in the federal courts regard is had to the real rather than to the nominal party."

In view of the holding of the Supreme Court in the case cited, I do not see that the differences in the two statutes are so material that it can be said the statute of Maryland is inconsistent with the statute of the state of New York. Clearly the statute of the state of Maryland is quite consistent with the declared public policy of the state of New York. The differences are mainly in modes of procedure and distribution. True, under the Maryland statute, the action must be brought within 12 months of the death, while in New York it must be brought within 2 years. However, the Maryland statute controls and may be enforced here, provided that the action is brought in time. Stone, as Administrator, v. Groton Bridge Manufacturing Company, 77 Hun, 99, 28 N. Y. Supp. 446, upon which the defendant relies, was decided in 1894, while Stewart v. Baltimore & Ohio Railroad Company, supra, was decided in 1897. It may be presumed that the decision in the Stone Case would have been different had the Stewart Case then been decided by the Supreme Court of the United States.

At least, this court is bound to follow the decisions of the Supreme Court of the United States. This court is enforcing the law of the state of Maryland and not the law of the state of New York, except in mere matters of procedure, and even in matters of procedure it is not controlled absolutely by the New York procedure, but only so far as may be.

In view of the Stewart Case which has been cited with approval by the court in which decided many times, the demurrers must be overruled, with costs. On payment of such costs within 30 days, the defendant may answer.