TETI et al. v. CONSOLIDATED COAL CO. OF MARYLAND.
TOMAINO et al. v. SAME.

(District Court, N. D. New York.   October 13, 1914.)

1. DEATH (§ 36*)—VENUE OF ACTION—LOCAL OR TRANSITORY ACTION.
   Actions for death are transitory and not local, and may be brought and maintained wherever the defendant is found.
   [Ed. Note.—For other cases, see Death, Cent. Dig. § 51; Dec. Dig. § 36.*]

2. CORPORATIONS (§ 666*)—FOREIGN CORPORATIONS—RIGHT TO SUE—PLACE—"FOUND."
   A Maryland corporation operating coal mines in Pennsylvania and authorized to do business in New York is "found" either in Maryland, Penn-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sylvania, or New York, within the rule that a transitory action may be maintained wherever the defendant is found.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2601, 2602; Dec. Dig. § 666.*

For other definitions, see Words and Phrases, First and Second Series, Find.]

3. DEATH (§ 8*)—ACTION—PERSONS ENTITLED TO SUE—WHAT LAW GOVERNS.

Where an action for death was brought in New York against a Maryland corporation authorized to do business in New York, for a death occurring in Pennsylvania, whether the action should be brought in the name of the parties entitled to the recovery or in the name of decedent's personal representatives was a matter of procedure to be regulated by the New York law.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 12, 36, 52, 121, 133; Dec. Dig. § 8.*]

4. DEATH (§ 31*)—WRONGFUL DEATH—PERSONS ENTITLED TO SUE—PERSONAL REPRESENTATIVES—BENEFICIARIES.

Act Pa. April 15, 1851 (P. L. 674) § 19, creates a right of action for wrongful death, and provides that the widow of deceased, or if there be no widow, the personal representative, may maintain an action therefor, and Act April 26, 1855 (P. L. 309) § 1, declares that the damages shall be recovered for the benefit of the husband, widow, children, or parents of deceased and no others, and shall be distributed to them as personalty in case of intestacy. New York by statute creates a similar right of action, but provides for the maintenance thereof by the decedent's personal representatives for the benefit of those entitled to the recovery. Held, that where a servant was wrongfully killed in Pennsylvania and left him surviving a widow and child, an action for their benefit was properly brought in New York by decedent's administrators, but where another decedent killed in the same accident left no widow or children, but a mother and father who were entitled to the benefit of the recovery, if any, an action for his death in New York must be brought by them, and could not be maintained by his administrator.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48; Dec. Dig. § 31.*]

5. TREATIES (§§ 6, 13*)—ABROGATION—ENFORCEMENT.

A treaty between the United States and a foreign country is the law of the land, which Congress alone can abrogate, and the courts of the United States must respect and enforce it.

[Ed. Note.—For other cases, see Treaties, Cent. Dig. §§ 6, 13–15; Dec. Dig. §§ 6, 13.*]

6. ALIENS (§ 16*)—ITALIAN TREATY—CONSTRUCTION.

Italian Treaty of Commerce and Navigation, Feb. 26, 1871, 17 Stat. 845, as amended July 3, 1913, art. 1, 38 Stat. ——, provides that the citizens of the contracting parties shall receive the most constant security and protection granted by any state which establishes a civil responsibility for injuries or for death caused by negligence or fault, and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of the relatives or heirs, and shall enjoy in that respect the same rights and privileges as are or shall be granted to nationals, provided that they submit themselves to the conditions imposed on the latter. Held, that such treaty did not confer on an alien Italian plaintiff, when bringing an action in New York, greater or different rights of procedure and form of remedy than those accorded to residents and citizens of that state.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 61–66; Dec. Dig. § 16.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Actions by Joseph Teti and Joseph Tomaino, as administrators, etc., of Antonio Teti, deceased, and by Joseph Tomaino and Joseph Teti, as administrators of Joseph Dastoli, deceased, against the Consolidated Coal Company of Maryland. On demurrer by defendant in each case to the plaintiff's complaint. Demurrer overruled in the Teti Case and sustained in the Dastoli Case.

Anthony S. De Santis, of Utica, N. Y., for plaintiffs.
Davies, Auerbach & Cornell, of New York City, for defendant.

RAY, District Judge. Under the allegations of the complaint Joseph Dastoli, plaintiff's intestate in the second of the above entitled actions, died intestate in the village of Jenner, Somerset county, state of Pennsylvania, on the 14th day of October, 1913, and left him surviving a father, Salvatore Dastoli, and his mother, Carmela Dastoli, both of whom reside in the Kingdom of Italy, and no wife or children. It is not stated where the deceased resided at the time of his death, or whether or not he was an alien. It is not stated that the father and mother are aliens. March 27, 1913, the plaintiffs, Tomaino and Teti, were duly appointed administrators of the estate of said Joseph Dastoli by the surrogate of the county of Oneida, state of New York, but whether jurisdiction arose from his having and leaving personal property in Oneida county, N. Y., or from his being a resident in that county at the time of his death, does not appear. The defendant is a corporation organized and existing under and by virtue of the laws of the state of Maryland, and was operating coal mines in various states, particularly the state of Pensylvania, and was authorized to do business in the state of New York. On the 14th day of October, 1913, Joseph Dastoli was in the employ of the defendant in its mines as a miner in said county of Somerset, state of Pennsylvania, and through the neglect and carelessness of defendant the mine collapsed, and said Dastoli was instantly killed. The negligence is set out in detail. Damages are alleged and claimed in the sum of $25,000, and the complaint alleges as follows:

"And this action is brought for the sole benefit of the aforesaid next of kin who by the aforesaid wrongful acts of defendant's plaintiff has sustained damages in the sum of $25,000."

The laws of the state of Pennsylvania are set out in full so far as applicable here, and the material parts thereof and an allegation of the complaint read as follows:

"Tenth. That the laws of Pennsylvania giving a cause for action for injuries causing death, are viz.:

" 'Wherever death shall be occasioned by unlawful violence or negligence and, no suit for damages be brought by the party injured during his lifetime, the widow of any such deceased, or if there be no widow, the personal representatives may maintain an action for and recover damages for the death thus occasioned.' P. L. 1851, p. 674, § 19.

" 'The persons entitled to recover damages for any injury causing death, shall be the husband, widow, children, or parents of the deceased, and no other relative, and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that, without liability to creditors.' P. L. 1855, p. 309, § 1.

" 'The declaration shall state who are the parties entitled in such action;

the action shall be brought within one year after the death.' P. L. 1855, as last above.

"That the statutes enumerated and mentioned in this paragraph were, by an act of the Legislature of Pennsylvania of 1911 (page 678), relating to death by negligence and wrongful acts, modified and amended, thereby permitting a nonresident alien next of kin to bring, and maintain an action to recover damages for the negligent killing of an individual in the same mode and in the same manner as a citizen and resident of Pennsylvania can and could do in such a case."

The demurrer to the complaint is "that it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action." In the action first above entitled, which we may call the Teti case, the deceased left a widow and child. The ground urged is that, as under the statutes and decisions of the state of Pennsylvania the recovery, if any, and the right of recovery, if any, is given to the "parents of the deceased," in the Dastoli case they alone can sue or maintain the action; that the administrators appointed in the state of New York cannot maintain it or recover; that no cause of action in their favor or in favor of the estate they represent is stated; that they cannot make themselves trustees for any such purpose. On the other hand, the contention of the plaintiffs is and must be that, as here in the state of New York we have a similar statute giving a cause of action in such a case for the benefit of the father and mother when there is no widow or children, etc., and providing that the action must be brought in the name of and by the administrator for the benefit of such persons entitled, in a suit brought here to enforce the right of action and recovery given by the Pennsylvania statute to the father and mother residing in Italy, the New York procedure may be and should be followed, and the suit brought and prosecuted by the administrators appointed in the state of New York; that who shall bring and prosecute the action is a matter of procedure.

The Pennsylvania statute is not very clear as to who is to bring or prosecute the action. In Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, the action was to recover, under the statute of New Jersey, damages for death caused by the negligence of the defendant, and which statute is similar to that of New York. The action was brought in the state court of the state of New York and removed into the United States Circuit Court. I take it the deceased was a resident of the state of New York; at any rate letters of administration were taken out by the widow in that state. The accident and death occurred in New Jersey. Section 2 of the New Jersey act of March 3, 1848 (P. L. p. 151) provides "that every such action shall be brought by and in the names of the personal representatives of such deceased person." The claim was that the action could be brought and maintained by an administrator appointed by the proper probate court in the state of New Jersey only. The court held this point not well taken; that the action could be brought and could be maintained by an administrator appointed in the state where the action was commenced.

In Stewart as Administrator, etc., v. Baltimore & Ohio R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537, the action was brought and prosecuted in the District of Columbia to recover damages for death

caused by negligence given by a statute of the state of Maryland, and which negligence and death occurred in the state of Maryland. Casey, the deceased, left a widow, but no descendant or parent. The Maryland statute provides:

"Every such action shall be for the benefit of the wife * * * *and shall be brought by and in the name of the state of Maryland,* for the use of the person entitled to damages," etc.

[1, 2] The District of Columbia had a statute providing for recovery in case of death caused by negligence in the district, but provided "that the action *shall be brought in the name of the personal representatives of the deceased."* Code 1878, art. 67, subd. 15, § 2. The Supreme Court of the United States reversed the Court of Appeals of the District, which held that the plaintiff, as administrator, could not recover under the District statute, as the District statute only authorized recovery in case of injury received in the District, and could not recover under the Maryland statute because of the form of remedy; actions must be brought by and in the name of the state of Maryland. This case has been cited and approved more than 40 times, both in the Supreme Court of the United States and elsewhere, although not on the particular point raised here. However, there has been no criticism of the holding that the procedure of the state where the action is brought is to govern. There are cases holding that where these actions to recover for death by wrongful act are brought by the wrong party, as by a widow entitled to share in the recovery or to have the whole recovery, and she sues when the action should be brought by the administrator, there may be an administrator appointed and an amendment allowed; that no new action is required. So if the action is by the widow as administratrix when it should be by her individually, there may be an amendment; that such action in allowing amendments does not change the cause of action, etc. In the Teti case the contention is that the widow alone can bring and maintain the action for herself and the benefit of the child. Here, as the widow and child of Teti (one case) and the father and mother of Dastoli (the other case) reside in Italy, it may be they cannot sue or maintain an action in the state of New York on the causes of action alleged, and hence, if the amendments suggested are made, this court would be without jurisdiction. It has been repeatedly held, however, that these actions are transitory and not local, and that they may be brought and maintained wherever the defendant is found. The defendant is a Maryland corporation, not a Pennsylvania corporation, and is also authorized to do business in the state of New York, and hence is "found" either in Maryland, Pennsylvania or New York.

In Haughey v. Pittsburg Ry. Co., 210 Pa. 367, 59 Atl. 1112, the Supreme Court of the state of Pennsylvania, with these statutes of that state under consideration, held:

"The general maxim of the common law is, 'Actio personalis moritur cum persona,' and therefore no action would lie for negligence resulting in death. But this was changed by the Legislature of this state, and by the nineteenth section of the act of April 15, 1851 (P. L. 674) it is provided that 'whenever death shall be occasioned by unlawful violence or negligence, and no suit for

damages be brought by the party injured, during his or her life, the widow of any such deceased, or, if there be no widow, the personal representatives, may maintain an action for and recover damages for the death thus occasioned.' By this' legislation, therefore, a right of action for death occasioned by 'unlawful violence or negligence' was given to the widow of the deceased, and, if he had no widow, to his personal representatives. This was the law of the state until the passage of the act of April 26, 1855 (P. L. 309) in the first section of which it is provided that 'the persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relatives; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy.' The effect of this statute was to deprive the personal representative of a right of action in such cases and to vest it in the husband, widow, children or parents of the deceased. If there is a husband or widow, and children surviving, the action must be in the name of the husband or widow alone. The children should not be joined as plaintiffs in the action. The sum recovered, however, does not belong solely to the plaintiff in the action, but, as provided by the statute, shall go to the relatives of the deceased in the proportion they would take the personal estate in case of intestacy. In order that the record may disclose who the beneficiaries are, it is provided in the second section of the act of 1855, that 'the declaration shall state who are the parties entitled in such action.'

"It will be observed, therefore, that the foregoing legislation permits a recovery of damages for death caused by negligence, and designates the person who shall bring the action, the proportion in which the damages recovered shall be paid, and provides that the statement shall set forth the parties entitled as distributees of the fund recovered in the action. In the case in hand, the procedure pointed out by the statute was disregarded. The widow and the two children by their next friend were joined as coplaintiffs. The action should have been brought in the name of Mary A. Haughey as plaintiff, and, it should have been averred in the statement that she and the two children were the parties entitled to the damages recovered in the action. The children should not have been joined with the widow as plaintiffs. There is no authority whatever for bringing the action in their joint names or for the children joining in the action by a next friend. The whole procedure was irregular and in disregard of the provisions of the statute, and the court below would doubtless have so declared had its attention been called to the matter.

"Mary A. Haughey being the proper plaintiff in the action, the judgment of nonsuit must be regarded as having been entered against her, and she was the proper party to have the judgment reviewed on appeal. This, as we have seen, she did, and the judgment has been reversed and another trial will be had."

[3] In the Teti case it is evident that under this holding of the Pennsylvania Supreme Court the widow would maintain the action for the benefit of herself and the child, the recovery, if any, to be divided between them. In the Dastoli case the father and mother would maintain it in their own right on a cause of action given directly to them for their own benefit and vested in them. Then by what right or authority can the administrators of Dastoli, the deceased, bring or maintain that action? If the administrators may bring and maintain the action, it must be for the reason that in our New York procedure, under our statute giving and preserving a cause of action to parents for causing the death of their son by wrongful act, the action must be brought by and in the name of the administrator duly appointed in New York for the benefit of those entitled to the recovery; that it is a matter of procedure in such cases, and in all such cases prosecuted in New York, and that the presence of the party entitled to the recovery is not essential in any such case where

it is sought to enforce the statute of another state which gives a right of recovery in case of death by wrongful act to any one, and that the words of the statute of such other state giving the right of action as to who shall bring the action and as to the person entitled to the benefit of the recovery are immaterial so far as the form of the action is concerned. In short the contention is that in these cases brought in New York the procedure of New York as to bringing the action may be or should be followed. It is the general rule that procedure and remedy are regulated by the law of the forum. 2 Rawle's Bouvier, 870; Kring v. Missouri, 107 U. S. 221, 2 Sup. Ct. 443, 27 L. Ed. 506; Stewart v. Baltimore & Ohio R. Co., supra. This is so declared in Slater v. Mexican National R. R. Co., 194 U. S. 132, 24 Sup. Ct. 581, 48 L. Ed. 900.

In the Dastoli case if the father and mother of the deceased had gone into the state of Maryland, the home and actual domicile of the defendant corporation, and brought action against it, basing their right to recover, as they must have, on the Pennsylvania statute, where the negligence resulting in instantaneous death occurred, would they have been required to bring the action in the name of the state of Maryland? In other words, as the action is transitory and may be brought and prosecuted in any state where the defendant is found, should it be brought by this father and mother in their own names in the state of Pennsylvania, in the name of the state of Maryland if brought in that state, the home of the defendant corporation, and by and in the name of the administrators of the estate of the deceased if commenced in the state of New York, where defendant is doing business and found? I think the Stewart Case, supra, holds just that as to the Teti case, or that the action *may be* so brought in the various jurisdictions mentioned, but that the case is no authority for bringing the action in the Dastoli case in the name of the administrators where both the right to bring and prosecute the action and the right to the recovery the beneficial interest in the recovery are given directly to the father and mother. In the Teti case, while in Pennsylvania the right to sue and recover is given to the widow, it is given to her in a representative capacity. Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 16, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803. The recovery, if any, does not belong to her but to her and the child. True, she is entitled to a part of the recovery, but even that part in her hands as plaintiff, mixed with the other part belonging to the child, is held by her as quasi trustee until a proper division or distribution is made.

[4] Dividing this class of actions (actions to recover damages for death by wrongful act) into two subclasses as to remedy—(1) those where the right to maintain the action is given directly to the one entitled in his or her own right to the recovery when had, and (2) those where the right to maintain the action is given to a representative and the recovery itself, when had, is given to certain named persons—the Dastoli case belongs to the first class and the Teti case to the second class mentioned, and the Stewart Case covers the second class of cases mentioned and not the first. In the one class of actions (like the Dastoli action) there is no necessity for a trustee or repre-

217 F.—29

sentative, while in the other class there is, and the distinction is recognized in the statute itself. The mother (widow) in the one case sues for herself *and child* or children, while in the other each parent sues for himself or herself. In the one class of cases where the parents of the deceased are entitled to the whole recovery, there can be but two actions, while in the other class where there may be a widow and many children, there might be many actions required if the action could not be maintained by a representative. The policy of the law in the state of New York is that in these death cases whether there be a mother and minor children or only a father or mother surviving, or both, one person entitled to the recovery or several, there shall be only one action, the recovery, if any, to be divided between the widow (if any) and next of kin, or whoever may be entitled thereto. It was a policy adopted not merely for the protection and benefit of the claimants but the state itself. Numerous suits at law, where one will suffice, are an unnecessary expense to the state as well as the parties, as the running of courts is expensive to the state. Pennsylvania may establish her procedure, Maryland hers, and New York hers, and when by comity we allow a party or parties to enforce his or their rights of action against a person or corporation found here, which arose under a statute of some other state, it is very clear that we may prescribe the form of procedure for enforcing that right, including the designation of the person or persons or representative who shall enforce it, or in whose name the right shall be enforced. Prior to July, 1913, there had been laws enacted and interpreted which denied the widow and next of kin of Italians, citizens of Italy, who had come into the United States and lived and worked here, the benefit of the laws giving a right of action in case of death by the negligence of their employers. July 3, 1913, article 3 of the Treaty of Commerce and Navigation, of February 26, 1871 (17 Stat. 845), was amended, and such amendment became effective by ratifications exchanged at Washington July 3, 1913, and proclaimed the same day. The amended section or article of that treaty reads as follows:

"Article I.

"It is agreed between the high contracting parties that the first paragraph of article III of the Treaty of Commerce and Navigation of February 26, 1871, between the United States and Italy shall be replaced by the following provision:

"The citizens of each of the high contracting parties shall receive in the states and territories of the other the most constant security and protection for their persons and property and for their rights, including that form of protection granted by any state or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs; and shall enjoy in this respect the same rights and privileges as are or shall be granted to nationals, provided that they submit themselves to the conditions imposed on the latter."

[5, 6] This treaty is the supreme law of the land, which Congress alone may abrogate, and the courts of the United States must respect and enforce it. What is the meaning of the words—

"including *that form of protection granted by any state* * * * which establishes a civil responsibility for injuries or for death caused by negligence

or fault and gives to relatives or heirs of the injured party a right of action, which right *shall not be restricted* on account of the nationality of said relatives or heirs, and shall enjoy in this respect the same rights and privileges as are or shall be granted to nationals, provided that they submit themselves to the conditions imposed on the latter"?

If an alien widow or an alien widow and child of a citizen of Italy who was killed by negligence in Pennsylvania comes to New York and finds the wrongdoer there, suit may be brought in that form granted or given by the laws of New York to one of its own citizens *in such a case.* If, then, the New York laws, statutes and decisions, read together, make it necessary that a resident and citizen of New York, as against such foreign corporation guilty of the negligent act in Pennsylvania and which caused death there, *must sue* in his or her own name, the alien referred to may follow that procedure. But is such alien confined to such procedure? May not he or she proceed under the New York procedure as prescribed in its statute in similar cases where the cause of action arises in New York and under its statutes? I do not think the treaty referred to was intended to give to the alien plaintiff, when bringing action in New York, greater or different rights of procedure and form of remedy than are accorded to the residents and citizens of that state. If this be so, and the father or mother, residing in New York, of a person killed by wrongful act in the state of Pennsylvania—the wrongful act of a Maryland corporation doing business there—when bringing suit against such corporation in New York, it being found there, must under the laws of New York (statutes and decisions) bring the action in his or her own name, it would seem that the alien must follow the same procedure or form of remedy. This would give the alien coming into New York and prosecuting his action precisely the same rights and remedies which the state of New York accords to its own citizens. If this be so, then an amendment setting up the fact, if it be a fact, that the father and mother of Dastoli are citizens of Italy would not help the plaintiffs in that case.

In Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803, the defendant was a corporation of the state of New York, but did business in operating its railroad, in part, in the state of Pennsylvania, where the negligence occurred and plaintiff's intestate was killed. He left a widow and three children, and the widow brought action in her own name for the benefit of herself and the children in New York state against the defendant corporation to enforce the liability created by the Pennsylvania statute. On demurrer the Court of Appeals held and said (126 N. Y. 16, 26 N. E. 1051, 13 L. R. A. 458, 22 Am. St. Rep. 803):

"But it must not be forgotten that the cause of action sued upon is the cause of action given by the lex loci and vindicated here and in our tribunals upon principles of comity." Leonard v. Columbia Steam Nav. Co., 84 N. Y. 53, 38 Am. Rep. 491.

*That cause of action is given to the widow in her own right and as trustee for the children,* and we open our courts to enforce it in favor of the party who has it, and not to establish a cause of action under our statute which never in fact arose. The court also held that the

action was *properly* brought in the name of the widow, but also *remarked* that it must be so brought. Under this holding of the highest court of the state of New York that the action when brought by the widow is brought by her because the cause of action is given to her and to her as trustee for the children, coupled with the decision of the Supreme Court of the United States in the Stewart Case, supra, it would seem plain that in the federal courts the Teti case can be maintained in the name of and by the administrators as trustees for the widow and children, but it emphasizes the fact that when the right of action is given directly to the parents of the deceased in their own behalf as well as the recovery, they alone can sue to enforce the right. Under the authority of the Stewart Case the action can be brought and maintained in the state where defendant is found and by the representatives residing there and authorized to sue in similar cases arising in such state where the right of action is given by the laws of the state where the negligence and death occurred to a representative or trustee of the persons entitled and such representative sues for their benefit. Such is the Teti case. The Court of Appeals in New York has not *decided* that in such a case the administrators appointed here *cannot* maintain the action. The point was not up or decided in the Wooden Case. It was only decided that the action was properly brought by the widow. The case of Johnson v. Phœnix Bridge Co., 197 N. Y. 316, 90 N. E. 953, is quite in point here. The statute of Canada gives a right of action in case of death by wrongful act or negligence, directly to the "consort and ascendant and descendant and relations of the deceased." The deceased, a resident of New York, was killed in Canada, and in New York the widow was appointed administratrix and as such administratrix brought action in New York, based on the Canadian statute. Under that statute the action must be commenced within a year. After the expiration of the year a motion was made to strike out the words "as administratrix," etc. The motion was granted as to the widow, and she was allowed to proceed in her individual capacity, but leave to bring in as parties the "ascendant and descendant relations" was denied on the ground the cause of action in their favor had become barred by the lapse of more than one year. Stone as administrator of Stone, Deceased, v. Groton Bridge & Mfg. Co., 77 Hun (N. Y.) 99, 28 N. Y. Supp. 446, has been cited. That case is directly opposed and contrary to Stewart v. Baltimore & Ohio R. R. Co., supra. In Strait v. Yazoo & M. V. R. Co. et al., 209 Fed. 157, 126 C. C. A. 105, the cause of action for the decedent's wrongful death arose in the state of Mississippi, where by statute a cause of action is preserved to the decedent's mother, brothers, and sisters, which the case says (209 Fed. page 160, 126 C. C. A. 108), "was, in Mississippi, enforceable by the mother." Laws Miss. 1908, § 721, p. 184. If so, then the mother would represent in the action both herself and the brothers and sisters. The policy of the law there is one action for the benefit of all. The action was brought to enforce this cause of action in the state of Tennessee by the mother of the deceased. In Tennessee (where there is a similar statute giving a right of action in case of death

caused by negligence) it is provided in the statute, as in New York, that it shall be brought by and in the name of the decedent's personal representatives. However, the mother brought the action in Tennessee. The mother was not suing in her own right and for her own benefit wholly, but for the benefit of herself and the brothers and sisters, as, in fact, trustee. The point was raised that this action in Tennessee should have been brought in the name of the administrators duly appointed. The Circuit Court of Appeals (Sixth Circuit), instead of holding that the action in Tennessee to enforce the Mississippi statute must be brought by the one to whom the right to prosecute the action in Mississippi for the benefit of all was given, to wit, the mother, held (209 Fed. page 160, 126 C. C. A. 108):

"True, if the right of action had arisen in Tennessee, the suit, in view of the beneficiaries, would have been maintainable in that state only through a personal representative of the deceased; but since the administrator's relation to the beneficiaries, like that of the mother in the present instance, would have been simply that of a trustee, such a difference in parties plaintiff is of no consequence. Cincinnati, H. & D. R. Co. v. Thiebaud, 114 Fed. 918, 924, 52 C. C. A. 538 (C. C. A. 6th Cir.)"

It is apparent that the court was of the opinion that the case would have been more properly brought in the state of Tennessee, in the name of the administrators, but that as the mother suing in Tennessee was suing as trustee in fact, it was *immaterial* that the administrators, who would have sued as statutory trustees, did not bring the action. That court was of the opinion, evidently, that if less attention should be paid by courts to mere form and ceremony in protecting and enforcing the rights of persons and more to the preservation of the substantial rights of the litigants, better and more speedy justice would be done. It is of course true that no administrator should be permitted to bring and prosecute an action for the benefit of others unless authorized so to do by the law of his creation, or by some statute having control of the matter in dispute. But it is by comity alone (and the treaty referred to and the transitory nature of the action) New York permits the enforcement in New York of the cause of action given by the statutes of the state of Pennsylvania in these death cases. The policy of New York is that such causes of action shall be brought and prosecuted by executors or administrators for the benefit of all entitled to the recovery. The policy is one action and one trial. It is opposed to the policy of New York to have the expense of several trials; it might be an action by each of several brothers and sisters, when there are several, or an action by each of a large number of children, all depending on the law of the state giving the right of recovery in case of death by wrongful act. It seems to this court the better and more sensible doctrine and holding that when under and by the statute of another state giving or preserving a right of action to the widow or children, or parents, or other next of kin, in case of death by wrongful act, such statute provides that suit shall be commenced and prosecuted by one of the number, or by administrators, for the benefit of all, that in New York its statutory form of representation shall, or, at least, may be followed when the action to enforce the statute is brought in that state. Clearly a recovery by the admin-

istrators in the Teti case in New York would bar an action by the widow for the benefit of herself and children in this and all other jurisdictions. This is clearly the doctrine of the Stewart Case, supra. No one will claim that, in that case, after recovery by the administrators in the District of Columbia there could have been a recovery in a suit brought in the name of the state of Maryland to recover damages for the death of the decedent. I do not find the cases quite harmonious, and think the right of these administrators in the Teti case to maintain the action, in view of some of the cases, somewhat doubtful if strict and technical rules are applied. In the Dastoli case, where the right of action is preserved to the parents by the statute of Pennsylvania and the right to bring and prosecute the action, as well as the recovery, are given to them directly, I see no well-grounded reasoning which will sustain an action in New York brought by the administrators. There is a distinction between acts constituting negligence at common law and acts constituting negligence by virtue of some statute; that is, the doing or nondoing of certain acts is declared actionable by the statute when they did not constitute negligence at common law and a cause of action is conferred upon the widow and next of kin. In such cases the statute does not preserve to the widow or next of kin, as the case may be, a cause of action existing in favor of the decedent at common law had he survived. Where a cause of action is given by statute for acts done or omitted and causing death, which acts do not constitute negligence at common law, and hence there is no cause of action in the injured party when he survives, and the same act which creates or gives the cause of action prescribes who shall bring it, well may it be that no other person can in any jurisdiction, even when such statute provides for an action by an administrator or widow for the benefit of herself and children.

The Pennsylvania statute hereinbefore quoted has recently been considered by the Supreme Court of that state in Centofanti v. Pennsylvania R. R. Co., 244 Pa. 255, 90 Atl. 558. The court there holds as it has done heretofore that:

"Section 19 of the act of April 15, 1851 (P. L. 669), providing that when 'death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased * * * may maintain an action for and recover damages for the death thus occasioned, creates a new cause of action unknown to the common law, and the cause of action contemplated by the statute is the tort which produces death, and not the death caused by the tort. A suit for damages for the death of a person is transitory, and may be maintained in any jurisdiction where the writ can be served, but it must be brought under the statute of the state where the cause of action arose. In such case where the acts of negligence occur in Pennsylvania and the death occurs in New Jersey, the action is properly brought by the widow under the Pennsylvania statute."

In this case the accident occurred and the injuries were received in the state of Pennsylvania, but the deceased was removed to a hospital at Trenton, N. J., where he died from his injuries the same day. The action was brought in Pennsylvania by the widow in her own right and on behalf of her minor children to recover damages.

It was contended that as the deceased died in New Jersey, the action should have been brought under the New Jersey and not the Pennsylvania statute. New Jersey has a statute similar to that of Pennsylvania, which provides that the action, where death is caused by wrongful act, shall be brought in the name of the administrator or personal representative. The court went on to hold, and rightly, of course, that the wrongful act or negligence of the defendant and consequent injuries is the basis of the recovery, and not the death, while of course death must follow in order to create a cause of action in the widow for herself and children. The court said: "The cause of action under this section is not the death of the party, but the unlawful violence or negligence that caused it." There would be no cause of action in the widow for the benefit of herself and children unless death ensued. In such case there is of course no cause of action in the party injured by the negligent acts, as he is dead. Had he lived he would have had a cause of action for the negligence. The court was arriving at the conclusion that the cause of action arose in the state of Pennsylvania, where the negligent acts were committed, and not in New Jersey, where the death occurred. The court was also arriving at the conclusion under its former decisions that the cause was properly brought by the widow in her own 'behalf and in behalf of her children, and not by the administrators of the deceased. It is very clear that the cause of action arose in Pennsylvania, and that the action was properly brought by the widow in behalf of herself and children, as the statute had formerly been construed in that way by the same court. It is equally clear that the statute of Pennsylvania gave the cause of action. There would have been no justification whatever for bringing the action in the name of the administrators of the deceased under the Pennsylvania statute, unless it should have been held that a cause of action arose both in the state of Pennsylvania, where the negligent acts were committed, and in the state of New Jersey, where the resultant death occurred, and that the right of action given by the New Jersey statute may be enforced in Pennsylvania. This is but a reiteration of the case formerly cited so far as same is applicable here.

In Maryland the action is brought in the name of the state of Maryland for the benefit of those entitled. In the District of Columbia the action is brought by the administrators for the benefit of those entitled. The action is brought by these plaintiffs, respectively, for the benefit of those entitled to the recovery. The Maryland statute may be enforced in the District of Columbia by action brought by the administrators appointed in the District of Columbia. In Pennsylvania the action is brought by the widow for the benefit of herself and children. In New York the action is brought by the administrators for the benefit of the widow and children. In both Pennsylvania and New York the action is not brought in the name of the ones entitled to the recovery, but by others for them. This being so, how under the Stewart Case, the authority of which has never been questioned, can it be that the action in the Teti case cannot be maintained by the administrators appointed in New York, where the action is brought and the Pennsylvania statute is sought to be enforced. Un-

doubtedly the courts in Maryland have held and will hold that actions under the Maryland statute must be prosecuted in the name of the state of Maryland, as the courts in Pennsylvania have held that under its statute the action must be brought in the name of the widow for the benefit of herself and children.

In Pritchard v. Norton, 106 U. S. at page 130, 1 Sup. Ct. 106, 27 L. Ed. 104, the court said:

"Whether an assignee of a chose in action shall sue in his own name or that of his assignor is a technical question of mere process, and determinable by the law of the forum."

In Hollenbach v. Elmore & Hamilton Contracting Co. (C. C.) 174 Fed. 845, 850, this court considered the Stewart Case. In this case Hollenbach was killed in Maryland by negligence. He was a resident of the state of New York, and an administrator was appointed in New York. Action was brought in the name of the administrator to recover damages for the death. It was based on the statute of Maryland, but not brought in the name of that state. This court held there that the action was properly brought in the name of the administrator.

In United States Fidelity Co. v. Kenyon, 204 U. S. 349, at page 356, 27 Sup. Ct. 381, 383 (51 L. Ed. 516), the court said:

"Stewart v. Balt. & Ohio R. R. Co. was an action against a railroad company by an administrator to recover damages for the benefit of a widow whose husband's death was alleged to have been caused by the negligence of the defendant company. In the course of the discussion of the controlling questions in that case the court observed in passing that 'for purposes of jurisdiction in the federal courts regard is had to the real rather than to the nominal party,' and that even in an action of tort 'the real party in interest is not the nominal plaintiff but the party for whose benefit the recovery is sought.'"

My conclusions are that in the Dastoli case the demurrer is well taken and must be sustained, and that in the Teti case the demurrer is not well taken, and that same must be overruled.

There will be orders and judgments accordingly, but without costs in either case.