M. TEMPLE TAYLOR, as Executor of ELIZA KENNER, Deceased, Respondent, *v.* FREDERICK J. SYME, Appellant, Impleaded with Others.

1. LEASE — REDUCTION OF RENT PRO TANTO — FORTUITOUS EVENT PREVENTING USE OF PREMISES. The inability of lessees to operate a plantation in Louisiana for the third year of their lease, on account of their financial failure and the fact that their creditors took possession of their movable property on the plantation, must be deemed to be the result of their own improvidence, and cannot be properly called a "fortuitous event" which will relieve them of the payment of rent *pro tanto* for the time they were deprived of the use of the premises, where the lease provides for such reduction for deprivation by a "fortuitous event," and the Civil Code of Louisiana defines this as "that which happens by a cause which we cannot resist."

2. ANCILLARY LETTERS TESTAMENTARY — JURISDICTION OF SURROGATE — COLLATERAL ATTACK. Ancillary letters granted by a surrogate in case of a will of personal property, upon a petition stating that the will was executed in Louisiana, while an accompanying transcript of the record of probate in Louisiana clearly shows that the will was executed in the state of Alabama, and that the testatrix resided in that state at the time of her death, are subject to collateral attack for want of jurisdiction, since the power of the surrogate, under section 2695 of the Code of Civil Procedure, to grant ancillary letters upon a foreign probate of a will of personal property made by a non-resident, is limited to the case of probate in the state or territory where the will was executed or where the testator resided at the time of his death.

3. FOREIGN EXECUTORS — POWER TO SUE IN THIS STATE. An executor appointed in Louisiana under Louisiana Revised Code (arts. 1220, 1668), for the professed purpose of carrying into effect on property in

that state a will made in another state, does not, by virtue of such appointment, become entitled to sue as such executor in the state of New York.

*Taylor* v. *Syme*, 17 App. Div. 517, reversed.

(Argued March 7, 1900; decided April 17, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 21, 1897, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward F. Brown* for appellant. Both notes were barred by the Statute of Limitations. (Code Civ. Pro. § 390; Civil Code of La. art. 3459, 3505, 3528, 3540, 3541; *Hawes* v. *Welch*, 2 How. [U. S.] 507; 3 How. [U. S.] 465; 3 N. Y. S. R. 576; *A. & T. Co.* v. *Syme*, 51 U. S. App. 48; 168 U. S. 709; *Norton* v *Sterling*, 15 La. Ann. 399; *N. O. C. Banking Co.* v. *Beard*, 16 La. Ann. 345.) The Surrogate's Court had no jurisdiction to issue ancillary letters. (Code Civ. Pro. § 2695; *Roderigas* v. *E. R. S. Inst.*, 76 N. Y. 316; *Nanz* v. *Oakley*, 60 Hun, 431; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Matter of Hawley*, 104 N. Y. 250; *Riggs* v. *Cragg*, 89 N. Y. 479.) The so-called ancillary letters issued by the surrogate having been obtained by a false statement, the plaintiff never had a valid title to them, and his appointment was void *ab initio* and conferred no rights upon him. (*People* v. *Martin*, 91 Hun, 425; *Elliott* v. *Piersol*, 1 Pet. 328; *People ex rel.* v. *Hutton*, 18 Hun, 116; *Wilcox* v. *Jackson*, 13 Pet. 511; *Hickey* v. *Stewart*, 3 How. [U. S.] 750; *Shumway* v. *Stillman*, 4 Cow. 292; *Adams* v. *S. & W. R. R. Co.*, 10 N. Y. 328; *Kamp* v. *Kamp*, 59 N. Y. 212; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Taylor* v. *Chamberlain*, 6 App. Div. 38.) Not having had his day in court, the defendant should have an opportunity in this action to attack the validity of

the decree of the Surrogate's Court, as it affects him only, and he was barred by statute from disputing the original application in the Surrogate's Court. (*Matter of Hodgman*, 82 Hun, 419.) Orphans', probate and similar courts are courts of special and limited jurisdiction, deriving their authority from statutes; and if it appear on the face of their proceeding that they have exceeded the authority given them by law, their orders and decrees are absolutely void and may be treated as nullities. ( *White* v. *Riggs*, 27 Me. 114; *Cottles' Appeal*, 5 Pick. 483; *Sigourney* v. *Sibley*, 21 Pick. 101; *Gay* v. *Minot*, 3 Cush. 352; *Peters* v. *Peters*, 8 Cush. 529, 543; *Errors* v. *Smith*, 7 S. & M. 85; *Bloom* v. *Burdick*, 1 Hill,130; *People* v. *Corless*, 1 Sandf. 228; *Hendrich* v. *Cleveland*, 2 Vt. 329.) The jurisdiction of any court exercising authority over a subject may be inquired into in every other court where the proceedings of the former are relied on and brought before the latter by the party claiming the benefit of such proceeding. (12 Am. & Eng. Ency. of Law, 308.) A judgment entered by a court without jurisdiction can be attacked collaterally and will be held void in such collateral proceedings. (12 Am. & Eng. Ency. of Law, 311; *Jones* v. *Jones*, 108 N. Y. 415; *Munson* v. *Munson*, 60 Hun, 189.)

*Erastus D. Benedict* for respondent. To enable the defendant to successfully plead the Statute of Limitations of the state of Louisiana as against either note, he must show that he resided in that state five years after the maturity of the note. (Civil Code of La. art. 3540; Code Civ. Pro. § 390; *Goldberg* v. *Lippmann*, 55 N. Y. S. R. 513; *Beer* v. *Simpson*, 65 Hun, 20; *Bean* v. *Tonnele*, 94 N. Y. 381; *Clark* v. *L. S. & M. S. R: Co.*, 94 N. Y. 217; *Howe* v. *Welch*, 17 Abb. [N. C.] 397; *Smith* v. *Crosby*, 2. Tex. Rep. 414; *Sloan* v. *Waugh*, 18 Iowa, 222; *Patchell* v. *Hopkins*, 19 Iowa, 531.) The surrogate had jurisdiction to issue ancillary letters. (*Crum* v. *Bliss*, 1 Law Bull. 68; *Sullivan* v. *Fosdick*, 10 Hun, 173; *Burs* v. *Shannon*, 73 N. Y. 292; *Haywood* v. *Place*, 4 Dem. 487; *Brown* v. *Landon*, 30 Hun, 57;

*Roderigas* v. *E. R. S. Inst.*, 63 N. Y. 460; 76 N. Y. 316; *Caulfield* v. *Sullivan*, 85 N. Y. 153; *Parsons* v. *Lyman*, 20 N. Y. 103; *Doolittle* v. *Lewis*, 7 Johns. Ch. 49.)

LANDON, J.    This action was commenced by Eliza Kenner, Sept. 3, 1890, against the defendant Syme, upon two promissory notes made Dec. 21, 1892, in New Orleans, Louisiana, each for $1,500, by Allen and Syme, copartners, then residents in New Orleans, to their own order, one payable Aug. 1, 1885, and the other Sept. 1, 1885, and indorsed by the makers to Eliza Kenner, who then resided and continued to reside until her death in Mobile, Alabama.    The notes were the last of a series given in payment of the rent of a rice plantation in Louisiana, which Mrs. Kenner, at the time of their date, leased to Allen and Syme for three years ending December 31, 1885.    The lease contained a provision that if the lessees should be deprived of the use of the premises by and through any causes beyond their control, or any fortuitous event, they should be allowed a reduction of the amount *pro tanto*.

Allen and Syme entered into possession of the premises and at the end of two years failed, and their creditors took possession of their movable property on the plantation, with the result that they did not operate the plantation the third year. We agree with the courts below that Allen and Syme must be held to have brought this misfortune upon themselves by their own improvidence, and that it could not be properly called a " fortuitous event," which the Civil Code of Louisiana defines as " that which happens by a cause which we cannot resist."

Eliza Kenner died in the state of Virginia in July, 1891, but her domicile was in Mobile, in the state of Alabama. This action was revived in the name of the present plaintiff in October, 1896, ancillary letters testamentary having in September, 1896, been issued to him by the surrogate of the county of New York.    The defendant, by his answer and upon the trial, challenged the jurisdiction of the surrogate of the county of New York to issue the ancillary letters, the

ground of the challenge being that such letters were issued upon the record of the probate of Mrs. Kenner's will, and of the issue of letters testamentary thereon by a court in the state of Louisiana, where she did not live, where she did not die, and where her will was not executed, instead of by a court in the state of Alabama, in which she was domiciled at the time of her death, and in which she executed her will.

Section 2695 of the Code of Civil Procedure limits the power of the surrogate to grant ancillary letters upon a foreign probate in the case of a will of personal property made by a person who resided in some other state or territory of the Union at the time of the execution thereof, or at the time of his death, to the case of probate in the state or territory where the will was executed, or the testator resided at the time of his death.

In August, 1896, the present plaintiff, M. Temple Taylor, by his attorney, presented a petition to the surrogate of the county of New York for ancillary letters testamentary, ostensibly under section 2695 of the Code of Civil Procedure. The petition stated correctly the facts, except that it stated that the will was executed in Louisiana, which was not true. Accompanying the petition was a duly certified transcript of the record of the probate of the will in the court in Louisiana, and of letters testamentary issued to the plaintiff, with a copy of the will, and proofs including a statement of the testimony of the subscribing witnesses, substantially as required by sections 2695, 2698, 2704. From this transcript it distinctly appeared that the will of Mrs. Kenner was executed in the state of Alabama, and that she resided in that state at the time of her death, that is, had her domicile there. It thereby appeared that the case was not one in which the surrogate had jurisdiction to issue ancillary letters upon the transcript of the record of the probate and proceedings produced before him from the court in Louisiana. The surrogate was probably diverted from examining the record before him by the statement in the petition that the will was executed in Louisiana. But the office of the petition was to institute the proceeding

and bring the Louisiana record into court for examination by the surrogate. Manifestly, if the petition contradicted the record upon a jurisdictional fact, the record should prevail, since one of the purposes of the provisions of the Code of Civil Procedure in this behalf is to give full faith and credit in proper cases to judicial proceedings of a sister state. No mistake in the petition would create the record of a probate in Alabama or change the facts presented by the Louisiana record that the testatrix executed her will in Alabama and was domiciled there at her death. The record showed that the surrogate had no jurisdiction. (*Riggs* v. *Cragg*, 89 N. Y. 479 ; *Matter of Hawley*, 104 N. Y. 250 ; *Morrow* v. *Freeman*, 61 N. Y. 515 ; *Matter of Catholic Protectory*, 77 N. Y. 342.)

It is suggested that, however this may be, the plaintiff was duly appointed executor in Louisiana, and thus became the owner of the assets of the deceased. This position would have more force if Louisiana had been the domicile of the testatrix, since the law of the domicile governs the succession of personal property. The rule still remains that a foreign executor or administrator cannot sue as such in this state, although in cases where there are no creditors of the decedent within the state the reason of the rule has little force. (*Parsons* v. *Lyman*, 20 N. Y. 103 ; *Petersen* v. *Chemical Bank*, 32 N. Y. 21 ; *Toronto Gen. Trust Co.* v. *Chicago, B. & Q. R. R. Co.*, 123 N. Y. 37.) The administration in the state of Louisiana, however, was under the Revised Code of that state as follows :

" Art. 1220. The succession of persons domiciled out of the state of Louisiana and leaving property in this state at their demise, shall be opened and administered upon as are those of citizens of the state, and the judge before whom such succession shall be opened shall proceed to the appointment or confirmation of the officer to administer it under the name and in the manner pointed out by existing laws."

" Art. 1668 (1681). Testaments made in foreign countries and other states of the Union cannot be carried into effect on

property in this state without being registered in the court within the jurisdiction of which the property is situated, and the execution thereof ordered by the judge."

Thus, the professed purpose of the administration in Louisiana was that the will of the testatrix might " be carried into effect on property in this (that) state." It did not purport to extend to the property of the testatrix in the state of her domicile or in any other state, or to be a universal administration, but to cover the administration in that state, like the ancillary administration sought in this state, the ancillary being supplemental to the principal administration, and, except as to domestic creditors, subordinate to it. (See sec. 2700, Code C. P.)

It is said that this is a collateral attack, but as it is a question of the jurisdiction, the attack can be made collaterally. The defendant had no interest in the proceeding or standing to challenge it until the plaintiff asserted against him his right to represent Mrs. Kenner. He could do no more than raise the issue at his first opportunity.

The defendant also urges the Statute of Limitations of Louisiana as a defense. The Appellate Division held that it was not well taken, because the defendant took up his residence in this state before the expiration of five years after the maturity of the note. The question is an interesting one, but it is not necessary for us to decide it.

It follows that the plaintiff did not show his right to maintain this action.

The judgment must be reversed, with costs; new trial granted, costs to abide the event.

Parker, Ch. J., O'Brien, Bartlett, Haight, Martin and Vann, JJ., concur.

Judgment reversed, etc.