MARY E. JOHNSON, as Administratrix of the Estate of JOHN E. JOHNSON, Deceased, Appellant, v. PHŒNIX BRIDGE COMPANY, Respondent. ·

Conflict of laws — action to recover for death caused by negligence in foreign state — action authorized by statutes of foreign state may be maintained in this state — amendment substituting parties to conform to foreign statute — when it may be allowed.

Plaintiff's decedent, a resident of this state, was killed by the falling of a bridge in Canada. The law of Canada authorizes an action for damages in case of death by negligence within a year thereafter by "his consort and his ascendant and descendant relations." Only one action, however, can be brought on behalf of those entitled to indemnity. Plaintiff, decedent's widow, brought an action, as administratrix, under the statute of this state alleging negligence of defendant. More than a year after the death of the decedent, a motion was made to amend the summons and

complaint by striking out the words " as administratrix of the goods, chattels, credits, etc.," following the name of plaintiff and inserting therein the names of relatives of deceased entitled to recover under the Canadian statute. *Held,* that the action authorized by the Canadian statute could be maintained in this state; that the summons and complaint could not be amended by bringing into the action the relatives of deceased as parties, but that it could be so amended as to allow the action to be continued by the widow in her individual capacity.

*Johnson* v. *Phœnix Bridge Co.,* 133 App. Div. 807, modified.

(Argued January 5, 1910; decided January 25, 1910.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 9, 1909, which reversed an order of Special Term granting a motion for leave to amend the summons and complaint and denied said motion.

The following questions were certified : " 1. Whether the Supreme Court at Special Term, upon the papers submitted, had the power to amend the summons and complaint herein by adding as parties plaintiff Catherine Johnson, Mary A. Johnson and Henry E. Johnson.

" 2. Whether the Supreme Court at Special Term, upon the papers submitted, had the power to grant the other amendments appearing in the amended summons and complaint."

The facts, so far as material, are stated in the opinion.

*Edwin L. Dolson* for appellant. The addition of the representative character in the title of the original complaint is mere surplusage. (*Litchfield* v. *Flint,* 104 N. Y. 543.) The court had power to change the character of the plaintiff from representative to personal. (Code Civ. Pro. § 723 ; *Viadero* v. *Viadero,* 7 Hun, 313 ; *Bohlen* v. *M. E. R.,* 31 N. Y. S. R. 888 ; 121 N. Y. 546 ; *Reeder* v. *Sayre,* 70 N. Y. 180 ; *Boyd* v. *U. S. M. & T. Co.,* 187 N. Y. 262 ; *Lustig* v. *N. Y., L. E. & W. R. R. Co.,* 65 Hun, 547 ; *Tighe* v. *Pope,* 16 Hun, 180 ; *Herrigan* v. *Peters,* 108 App. Div. 292 ; *Haddon* v. *Lundy,* 59 N. Y. 320 ; *Ducker* v. *Rapp,* 67 N. Y. 464 ; *McCann* v. *N. Y. C. R. R. Co.,* 50 N. Y. 176.) It was

proper to add the other parties entitled to recover under the Quebec statute as formal parties plaintiff. (Code Civ. Pro. §§ 452, 723; *Delisle* v. *Bourriague*, 54 L. R. A. 420; *Bank of Havana* v. *Magee*, 20 N. Y. 355; *Barnes* v. *Perrine*, 9 Barb. 202.)

*Daniel J. Kenefick* for respondent. The Special Term had no power to grant the amendment. (*Doyle* v. *Carney*, 190 N. Y. 386; *Fitz Henry* v. *C. T. Co.*, 63 N. J. L. 142; *Wingert* v. *Carpenter*, 101 Mich. 395; *Sawyer* v. *Perry*, 88 Maine, 42; *Leonard* v. *Pierce*, 182 N. Y. 431; *Boyd* v. *U. S. M. & T. Co.*, 187 N. Y. 262.)

CHASE, J. John E. Johnson was one of the employees of the defendant on the cantilever bridge which was being erected over the St. Lawrence river at the time when it fell on August 29, 1907. He was one of many who lost their lives in that catastrophe. At the time of his death he was a resident of Buffalo in this state and left him surviving his widow and two children his only heirs at law and next of kin. He also left him surviving a father, his only ascendant relative. Some months thereafter his widow was appointed administratrix of his goods, chattels and credits and she brought this action as such administratrix, pursuant to section 1902 of our Code of Civil Procedure, alleging that her husband's death was caused by the wrongful act, neglect or default of the defendant.

By section 1903 of said Code any damages recovered in the action so brought are exclusively for the benefit of the decedent's widow and next of kin and must be distributed by the plaintiff as if they were unbequeathed assets left in her hands after payment of all debts and expenses of administration.

The Civil Code of Lower Canada provides: "Every person capable of discerning right from wrong is responsible for the damage caused by his fault to another, whether by positive act, imprudence, neglect or want of skill."

It further provides: "Masters and employers are responsible for the damage caused by their servants and work-

men in the performance of the work in which they are employed."

It further provides : " In all cases where the person injured by the commission of an offense or a *quasi* offense dies in consequence without having obtained indemnity or satisfaction, his consort and his ascendant and descendant relations have a right but only within a year after his death, to recover from the person who committed the offense or *quasi* offense, or his representatives, all damages occasioned by such death."

It further provides : " In all cases no more than one action can be brought in behalf of those who are entitled to the indemnity and the judgment determines the proportion of such indemnity which each is to receive. (Sections 1053, 1054 and 1056, Civil Code of Lower Canada.)

The action authorized by the Canadian statute is maintainable in this state. ( *Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Stone* v. *Groton Bridge & Mfg. Co.*, 77 Hun, 99.)

It is dependent upon the provisions of the statute of that province in which the accident occurred, and that statute governs and controls the action except in mere matters of procedure and detail. (*Kiefer* v. *Grand Trunk R. Co.*, 12 App. Div. 28 ; affd. on opinion below, 153 N. Y. 688.) The cause of action does not exist under the Canadian statute in favor of the administrator or executor, but it is expressly given to the consort and the ascendant and descendant relatives of the deceased. It is also made dependent upon the action being commenced within a year after the decedent's death. The commencement of the action as therein provided is a condition precedent to its successful maintenance. (*Stuber* v. *McEntee*, 142 N. Y. 200–203 ; *Colell* v. *D., L. & W. R. R. Co.*, 80 App. Div. 342 ; *Hill* v. *Board of Supervisors*, 119 N. Y. 344.)

The action, unfortunately for the persons entitled to the indemnity, was brought in the name of the administratrix of the goods, chattels and credits of the deceased.

The original complaint in the action included allegations

sufficient, if the accident had occurred in this state, to have constituted a cause of action under the statutes of this state, and it also included allegations sufficient to constitute a cause of action in favor of the consort and ascendant and descendant relations of the decedent under the Civil Code of Lower Canada, except that it did not include an allegation showing what, if any, ascendant relatives the deceased left him surviving. Some of the allegations of the complaint were unnecessary in an action by the persons entitled to the indemnity under said Civil Code.

After more than one year had expired from the death of the decedent counsel for the plaintiff asked the court to amend the summons and complaint by striking from the title of the action the words " as administratrix of the goods, chattels and credits of John E. Johnson, deceased," and by inserting therein and in each of them in place of the words stricken out .the words " Individually and as guardian ad litem of Catharine Johnson and Mary A. Johnson infants, and Henry E. Johnson," and for leave to serve an amended complaint with allegations to conform to the amendments to said summons and complaint.

In the affidavit served with the notice of motion for such amendments counsel for the plaintiff stated : " That by inadvertence and being misled by the statute in this connection existing in the state of New York and also by the statute in this connection existing within the province of Ontario, said action was entitled ' Mary E. Johnson as administratrix of the goods, chattels and credits of John E. Johnson, deceased, plaintiff, against Phœnix Bridge Company, defendant,' whereas, *   *   * the title to said action should have included as plaintiffs his widow in her individual capacity and the ascendant and descendant relations of said deceased who by the laws of the Province of Quebec are entitled to recover in such action."

The order was granted at Special Term but was reversed on . appeal to the Appellate Division. The appeal to this court brings to our consideration the questions certified to us by the

Appellate Division in granting the leave to appeal and such questions are quoted in the statement preceding this opinion.

The right given to the persons named in said Civil Code to recover the damages occasioned by the death of the decedent is not representative, but individual and personal. Although but one action can be brought in behalf of those who are entitled to the indemnity, such action is not a joint but a several action, and power is expressly given by the statute to determine by the judgment the proportion of such indemnity which each is to receive. Where a right of action for indemnity exists under such statutes and several persons are entitled to the indemnity the action would not be defeated by the refusal of some of them on account of a settlement with the person who committed the offense or *quasi* offense or other reason to join therein. If an action should be brought by some of the persons entitled to an indemnity without joining all of the persons so entitled as plaintiffs and the persons who did not join in the action should ask within a year to come into the action their request should be granted. That, however, is not this case. This action is brought by the widow of the deceased, one of the persons entitled to the indemnity, but in her representative capacity, and as we have seen a right of action is not given to her in such representative capacity. The time has now expired to bring a new action, or for persons severally interested in the indemnity to come into the action even if it had been brought by the widow individually as one of the persons severally interested.

The Appellate Division was, therefore, right in reversing the order of the Special Term, so far as it brought into the action the father and children of the deceased.

A different question is presented when we come to consider the order so far as it strikes out of the summons and complaint the words " As administratrix of the goods, chattels and credits of John E. Johnson, deceased," and leaves the action to continue in the name of Mary E. Johnson, the widow, as an individual plaintiff.

This court has recently considered the power of the Supreme

21

Court under section 723 of the Code of Civil Procedure to permit an amendment of the summons and complaint in an action of negligence by changing the designation of the defendant from trustee to that of an individual.

In that case (*Boyd* v. *U. S. Mortgage & Trust Co.*, 187 N. Y. 562) we held (p. 266) that "The power of the court to permit an amendment of the summons and complaint so as to show that the defendant is sued individually instead of being sued in a representative capacity is hardly open to serious question." (p. 270.) "The amendment allowed * * * does not really bring in a new party in the sense of making one a defendant who was not in any sense a defendant before the process and pleading were amended. It merely changes the capacity in which the same person is sought to be charged. That person having actually been brought into court by the service of the original process, there seems to be no reason why he should not be required to contest upon the merits any cause of action growing out of the facts alleged in the complaint which the plaintiff may have against him in one capacity rather than in another, provided that he is notified by a timely and proper amendment of the precise capacity in which the plaintiff seeks to hold him liable."

The reasoning in that case is applicable to the case now before us, and it is not necessary to refer to the authorities collated or re-state the arguments so fully stated in that case.

It is claimed by the respondent that this court in *Doyle* v. *Carney* (190 N. Y. 386) held that the Supreme Court has no power to grant such an amendment. An examination of the opinion in that case, however, will show that it is not in conflict with the *Boyd* case. It was brought to recover for the services of an infant then deceased. It was commenced by the father as administrator of the goods, chattels and credits of his deceased daughter. The motion to amend was not made in advance of the trial. At the conclusion of the evidence upon the trial the defendant moved the court to direct a verdict in his favor upon the ground that the services were rendered while the daughter was under twenty-one years of

age, and that they could not be recovered by the plaintiff as the administrator of her estate, inasmuch as they would "belong to him personally." The motion was denied and the court then granted a motion of the plaintiff to amend his complaint to conform to the proof. The Code provision which authorizes the court to conform the pleadings or other proceedings to the facts proved is restricted to cases "where the amendment does not change substantially the claim or defense." A formal order was entered amending the complaint solely by joining the plaintiff in his individual capacity as a party plaintiff in the action, and judgment was rendered against the defendant in favor of the plaintiff individually and also as administrator. The claim was substantially changed by the amendment. Two causes of action were thus joined, each dependent to some extent upon different proof, and each subject to different defenses. Two inconsistent causes of action severally owned by persons in separate capacities cannot be joined in one action.

The order appealed from should be modified so as to reverse that part of the order of the Special Term bringing in the father and children of the decedent as parties plaintiff, and affirm said order so far as it amends the summons and complaint by changing the action from one by Mary E. Johnson in her representative capacity to one by Mary E. Johnson in her individual capacity, and as so modified affirmed, without costs, and the first question certified should be answered in the negative, and the second question certified should be answered in the affirmative.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; EDWARD T. BARTLETT, J., absent.

Ordered accordingly.