## NELSON *v.* GLOVER.

1. DEATH—ACTION UNDER SURVIVAL ACT PROPER WHERE DECEASED LIVED FOR 20 MINUTES AFTER ACCIDENT.

Where plaintiff's decedent, injured in a collision with defendant's automobile, lived about 20 minutes after the accident, although he was unconscious and did not groan, and death was occasioned by internal bleeding induced by ruptured ribs, the action to recover damages therefor was properly planted upon the survival act.[1]

[1]Death, 17 C. J. § 48.
On law governing survival of cause of action for personal injury, see note in 5 L. R. A. (N. S.) 756.

2. NEGLIGENCE — MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE —
    QUESTION FOR JURY.
    Whether plaintiff's decedent, who was driving west some-
        what to the south of the center of the highway, was
        guilty of contributory negligence in turning to the north
        and colliding with the automobile driven by defendant,
        who was approaching from the west, and who also turned
        north, thinking that deceased was about to turn south
        on an intersecting street, *held*, under the evidence, a ques-
        tion for the jury.[2]

Error to Oceana; Vanderwerp (John), J.    Submitted April 7, 1925.    (Docket No. 5.)    Decided May 14, 1925.

Case by Murray J. Nelson, administrator of the estate of John Nelson, deceased, against Philip Glover for the negligent killing of plaintiff's decedent.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*F. E. Wetmore*, for appellant.

*A. S. Hinds*, for appellee.

WIEST, J.    September 21, 1922, was the big day of the fair at the village of Hart, Oceana county.    Defendant placed a jug of sweet wine in his Ford car and, with a companion, at the noon hour, started for the fair at a high rate of speed.    The highway had in its center a strip of tarvia, about eight feet wide, with gravel at the sides.    While defendant was driving east at about the center of this tarvia strip, John Nelson, plaintiff's decedent, was driving west over the tarvia strip, with a part of his automobile somewhat to the south of the center.    The cars so approached, and when a short distance apart both turned to the north and collided, resulting in the death of John Nelson.    This action was brought under the

[2]Death, 17 C. J. § 180; Motor Vehicles, 28 Cyc. p. 49.

survival act by the administrator of the estate of John Nelson to recover damages. Plaintiff had verdict and judgment. Defendant moved for a directed verdict on the grounds that the action could not be maintained under the survival act, and plaintiff's decedent was guilty of contributory negligence. Defendant also moved for judgment notwithstanding the verdict. John Nelson lived about 20 minutes after the accident, was unconscious, did not groan and his death was occasioned by internal bleeding induced by ruptured ribs. Death was therefore not instantaneous, but followed the injuries received, and was occasioned by a cause brought into operation by the accident. This being true, life survived the accident until death from internal bleeding supervened. The action was properly planted. *Paperno* v. *Engineering Co.*, 202 Mich. 257; *Swaczyk* v. *Detroit Edison Co.*, 207 Mich. 494; *Budnick* v. *Peterson*, 215 Mich. 678.

Defendant claimed that when he saw Mr. Nelson's automobile approaching, south of the center of the tarvia strip, he thought Mr. Nelson intended to turn in a nearby drive or go south on an intersecting street, and therefore turned to the north to let him have the way to do so. This was a miscalculation on defendant's part, for Mr. Nelson also turned to the north, evidently to let defendant go by on the right side of the road, as he should have done, and the collision resulted. Under the evidence the question of whether Mr. Nelson was guilty of contributory negligence was for the jury and not one of law for the court and the trial judge was not in error in so holding. Defendant was not entitled to judgment notwithstanding the verdict.

Judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.