GUSTAVE DETMAR, Plaintiff, *v.* MAX NUSSBAUM, Doing Business under the Firm Name and Style of CENTRAL FRUIT MARKET, Defendant.*

Supreme Court, New York County, November 14, 1933.

*Joseph Wynne,* for the plaintiff.

*Frederick Mellor [Andrew E. Delaney* of counsel], for the defendant.

COTILLO, J.   Defendant has moved to dismiss the complaint on the ground that it is outlawed by the three-year Statute of Limitations.   The action is for personal injuries suffered by an employee by reason of the negligence of the employer.   Plaintiff has invoked the remedy of section 11 of the Workmen's Compensation Law, which permits an employee to bring an action against an employer who has failed to secure payment of compensation for his injured employees pursuant to section 50.   In such an action section 11 provides that the common-law doctrines of contributory negligence, assumption of risk and fellow-servant rule may not be invoked. Section 52 declares the failure to secure compensation a misdemeanor punishable by a fine of not more than $500, or imprisonment for not more than one year, or both.   Fines collected under this statute are payable to the State.

Defendant claims that the provisions of the Workmen's Compensation Law directed against the offending employer are penal in character.   Therefore, he argues, that the action, if not deemed one to recover damages for negligence, to which the three-year limitation applies (Civ. Prac. Act, § 49, subd. 6) is an action for a penalty to which the same limitation also applies (Civ. Prac.

* Affd., 241 App. Div. ——.

Act, § 49, subd. 3). The action, however, is clearly not one to recover a penalty or forfeiture. Section 52 of the Workmen's Compensation Law, which provides for a fine of $500, is a criminal statute, and is not one upon which the remedy of an action for a penalty " to the person aggrieved " (Civ. Prac. Act, § 49, subd. 3) can be maintained.

In *City of Buffalo* v. *Preston* (81 App. Div. 480) it was said that when a statute " gives the court or officer before whom the alleged violator is brought the power upon conviction either to fine or commit to the penitentiary, its character as between civil and criminal proceedings must be determined by all the powers therein conferred. The power, at the option of the court or officer, to commit to the penitentiary, implies, as we think, a judgment and sentence to that effect and indicate necessarily a proceeding of a criminal nature."

The statutory limitations upon the employer's defenses provided by section 11 of the Workmen's Compensation Law are not penalties or forfeitures — in the technical sense. In effect they establish statutory remedies as distinguished from the common-law remedy for personal injury due to negligence. The present action is, therefore, " an action to recover upon a liability created by statute, except a penalty or forfeiture " (Civ. Prac. Act, § 48, subd. 2). Such an action is covered by the six-year Statute of Limitations. As the present suit was commenced within five years, it is timely and the motion to dismiss must be denied.