### JANSE *v.* HAYWOOD.

1. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTIONS FOR JURY.

> In action under survival act for death of 15-year old girl struck from rear while walking with two companions side by side on left side of highway as defendant overtook and attempted to pass car traveling in same direction, questions of negligence of defendant and contributory negligence of plaintiff's decedent *held,* for jury (3 Comp. Laws 1929, § 14040).

2. DEATH — EVIDENCE — SURVIVAL ACT.

> Testimony that pulse was beating for several minutes and that blood spurted from mouth of pedestrian who received skull fracture and other serious injuries on highway when struck by defendant's car *held,* sufficient, if accepted by the jury, to permit recovery under survival act (3 Comp. Laws 1929, § 14040).

3. Automobiles—Pedestrians—Evidence as to Positions Elsewhere Than At Accident.

In action for death of one of three pedestrians walking side by side on left portion of highway, testimony as to where they were walking on highway a thousand feet from the place of accident *held,* properly excluded, since it had no probative value as to where they were at time of accident.

4. Trial—Automobiles—Injection of Subject of Insurance.

In trial of automobile accident case, inquiry on *voir dire* if jurors were acquainted with certain man, the local agent of defendant's liability insurer, and as to whether or not they were interested in any insurance company either as officer, agent or stockholder *held,* prejudicial error, where on motion for new trial the local agent made affidavit that he knew nothing about the facts of the case, was not a witness, and that he knew and solicited several jurors for insurance, it being apparent that the injection of the subject of insurance was intentional.

5. Same—Argument of Counsel—Insurance.

In automobile accident case, argument of plaintiff's counsel that he did not want jury to consider whether they wanted defendant to pay or that he could or could not pay after intentional injection of subject of insurance on *voir dire held,* not cured by mild suggestion of trial court to leave such argument out, and amount of verdict indicated reflection of such prejudicial error.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 9, 1935. (Docket No. 40, Calendar No. 38,148.) Decided March 5, 1935.

Case by Grace Janse, administratrix of the estate of Leona Janse, deceased, against Harry Haywood, for injuries resulting in death of plaintiff's decedent due to negligence of defendant. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

*Carl E. Hoffman* (*Leo W. Hoffman* and *Clare E. Hoffman,* of counsel), for plaintiff.

*Linsey, Shivel & Phelps,* for defendant.

Wiest, J. Defendant, on the 10th day of December, 1933, at about six o'clock in the evening, while driving his automobile north on a public highway about a half mile south of the village of Martin in Allegan county, overtook and attempted to pass an automobile ahead of him and, when abreast thereof, ran down and killed two of three girls walking side by side on the left side of the highway, one of whom was plaintiff's decedent, then 15 years of age. The girls were walking facing approaching traffic and defendant came from the rear and, to pass the car ahead of him, turned into the other lane of traffic where the three girls were walking and, he claims, that just at that time snow, kicked up by the car he was passing, obscured his vision ahead until his car was right upon the pedestrians and too late to avoid the accident.

Defendant, by appeal, brings to review the verdict and judgment against him for $6,500 under the survival act (3 Comp. Laws 1929, § 14040), alleging error in questioning jurors on the *voir dire;* exclusion of testimony as to where the girls were walking in the highway about 1,000 feet from the place of the accident; the evidence did not justify submission of the case to the jury under the survival act; the verdict was against the great weight of the evidence and the court should have granted a new trial.

The negligence of defendant was an issue of fact for the jury. The girls had the right to walk in the highway, facing approaching traffic and whether, under the circumstances, plaintiff's decedent was guilty of want of reasonable care contributing toward the accident was also an issue of fact for the jury and not one of law for the court.

Plaintiff's decedent received a skull fracture at the back of her head, compound fractures of both

limbs below the knees and her right limb was nearly severed. Whether she exhibited signs of life immediately after the accident was in dispute but there was testimony that blood spurted from her mouth and her pulse was beating for several minutes. Such evidence of life, if accepted by the jury, while close to the line of instantaneous death, was sufficient, under our holdings, to bring the case within the survival act. *Bos* v. *Gaudio,* 267 Mich. 517; *Micks* v. *Norton,* 256 Mich. 308; *Nelson* v. *Glover,* 231 Mich. 229.

Testimony as to where the girls were walking on the highway, a thousand feet from the place of accident, had no probative value upon where they were at the time of the accident, and there was no error in its exclusion.

There was prejudicial error in bringing before the jury, in the subtle method employed, the suggestion that defendant carried liability insurance and his personal ability to pay any judgment should not be considered. It was conceded at the trial, during absence of the jury, that Sib Rummery was the Wayland agent of the insurance carrier of defendant's liability.

On *voir dire* examination by counsel for plaintiff the jurors were severally asked if they knew Mr. Rummery, and collectively asked if any one of them was interested in any insurance company, either as officer, agent or stockholder. Objection to all such inquiry as prejudicial was duly made. Mr. Rummery was not a witness and the only apparent purpose was to get before the jury the subject of insurance.

Upon the motion for a new trial Mr. Rummery made affidavit that he knew nothing about the facts in the case, did not attend the trial; that he was

personally acquainted with five of the jurors, naming them, and "during the past several years he has personally solicited several of these men to buy automobile insurance in his company and that these men knew that he was the local agent of the Auto-Owners Insurance Company who carried defendant's automobile insurance."

It is a fair inference that, when asked if they knew Mr. Rummery, each juror acquainted with him and his agency was conscious of liability insurance in connection with the case. This purpose was emphasized by counsel for plaintiff when he said, in argument—

"I don't want them to consider whether you want Mr. Haywood to pay that; I ask you not to consider whether he can pay it or can't pay it."

Upon objection being made the court stated:

"You better strike that out. Better leave that out of the argument."

This mild suggestion by the court did not cure the error. We have, in some cases, excused inadvertent or thoughtless reference to insurance carried by a tort-feasor, but meditated injection of the subject and well calculated, or apt to be reflected in the amount of the verdict cannot be countenanced. *Holman* v. *Cole,* 242 Mich. 402. The amount of the verdict indicates such reflection.

For this error the judgment is reversed and a new trial granted, with costs to defendant.

Nelson Sharpe, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred with Wiest, J. Potter, C. J., concurred in the result.