### JANES v. SACKMAN BROS. CO. et al.

No. 38, Docket 21404.

United States Court of Appeals Second Circuit.

Argued Oct. 6, 1949.

Decided Nov. 17, 1949.

Edward McFadden, Jr., of New York City (Ignatius, McFadden & Catalano and Joseph S. Catalano, all of New York City, on the brief), for plaintiff-appellant.

Edward A. Harmon, of New York City, for defendants-appellees.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

In this action plaintiff, the administrator of the estate of his deceased infant son under appointment of the Probate Court for the County of Oakland, Michigan, appeals from a summary judgment of the district court dismissing his action for the wrong-

ful death of his son on the ground that it was barred by the applicable statute of limitations. The child, about five years old, died as a result of the taking fire of a cowboy play suit worn by him which had been manufactured and sold by the defendants, New York corporations, to a Michigan retailer from whom it had been purchased. The complaint alleges that the material used in the manufacture of the suit was highly inflammable and imminently dangerous, and that the defendants knew of its inherently dangerous quality. Plaintiff seeks recovery under the Michigan Death and Survival Act, Mich.Stat.Ann. § 27.711, Comp.Laws 1948, § 691.581, for the pecuniary loss and damages resulting from his son's death to the latter's next of kin, the plaintiff and his wife, and for the child's pain and suffering prior to death.

The fatal accident occurred in Royal Oak, Michigan, on February 3, 1944; and the child died there the same day. Plaintiff was appointed administrator by the Michigan court on August 10, 1948, and instituted this action January 26, 1949. Jurisdiction depends upon the diverse citizenship of the parties. Our problem is to determine whether the courts of New York would allow an action for a wrongful death in Michigan within five years of the date of death and one year of the appointment of decedent's administrator.

■ In view of the truism of the conflict of laws that the statute of limitations normally to be applied is that of the forum, it is appropriate that we first examine the law of New York on this subject. The district could held that the time limitation in the New York Death Statute, Decedent Estate Law, McK.Consol.Laws, c. 13, § 130 —the statute granting the right of action for wrongful death [1]—operates as a statute of limitations on the remedy sought for

the death, and that since it expressly limits such actions to two years from the date of death the suit here is barred.

■ It is well settled, however, that this act applies only to a wrongful death occurring in New York. Whitford v. Panama R. Co., 23 N.Y. 465; Johnson v. Phoenix Bridge Co., 197 N.Y. 316, 90 N.E. 953; Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198; Baldwin v. Powell, 294 N.Y. 130, 61 N.E.2d 412; Cooper v. American Airlines, 2 Cir., 149 F.2d 355, 162 A. L.R. 318. This limitation therefore is a condition which the legislature of New York has imposed upon the right granted by it of recovery for a wrongful death occurring in New York. The limitation cannot be removed from its context and applied as a bar to actions brought under the statutes of another state. Instead we must do as was done in Mullins v. Alabama Great So. R. R., 239 Ala. 608, 195 So. 866, and look to the general statute of limitations of the state of the forum to ascertain how long a period will be allowed for the commencement of such an action as this. N.Y. Civil Practice Act, § 48 provides: "The following actions must be commenced within six years after the cause of action has accrued: * * * 2. An action to recover upon a liability created by statute." The principal characteristic of a wrongful death action is its statutory origin, and thus § 48, subd. 2, is the appropriate limitation, rather than such a section as § 49, subd. 6, which limits the common-law action for personal injuries for negligence to three years. Thus in McConnell v. Caribbean Petroleum Co., 278 N.Y. 189, 15 N.E.2d 573, where a suit for personal injuries was brought under the Employers Liability Act of Venezuela, the Court of Appeals held that the suit was dependent entirely on a statutory liability, rather than a common-law liability, and

1. "The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death." N. Y. Decedent Estate Law, § 130.

applied the limit of § 48, subd. 2, rather than § 49, subd. 6. A like conclusion was reached in Detmar v. Nussbaum, 149 Misc. 469, 267 N.Y.S. 732, affirmed 241 App.Div. 720, 269 N.Y.S. 1006, and Sacks v. Ventura, 156 Misc. 656, 282 N.Y.S. 821, as to claims for personal injuries for negligence based upon the N. Y. Workmen's Compensation Act, McK.Consol.Laws, c. 67, § 1 et seq.

This action is well within the six-year period of § 48, subd. 2; but since N. Y. Civil Practice Act, § 13, provides that under no circumstances shall the New York courts allow a suitor a longer time to commence an action than would the court of the place of wrong, we must make sure that Michigan law does not cut down the time allowed. To do this requires analysis of the nature of the Michigan Death and Survival Act under which this action is brought.

Until the law was changed in 1939, recovery for wrongful death in Michigan might be under the Survival Statute, Mich. Stat.Ann. § 27.684, Comp.Laws 1948, § 612.-32, or under the Death Act, Mich.Stat.Ann. § 27.711. The distinction was made as to whether death was practically instantaneous or there was a period of survival during which there was pain and suffering. The distinction became quite arbitrary and the ascertainment of time intervals was vastly important, since the claims were mutually exclusive, and the recoveries substantially different. Ford v. Maney's Estate, 251 Mich. 461, 232 N.W. 393, 70 A.L.R. 1315; Cooper, Recoveries in Wrongful Death Actions, 18 Mich.St.B.J. 116. The rigor of the temporal distinction is exemplified by Nelson v. Glover, 231 Mich. 229, 203 N.W. 840, where it was held that death was not "instantaneous" and suit lay under the Survival Act where the injured party lived twenty minutes after the injury, although he did not groan and was unconscious all the time. And in Janse v. Haywood, 270 Mich. 632, 259 N.W. 347, testimony that the pulse was beating for several minutes after the fatal injury, and that blood spurted from the deceased's mouth, brought the action under the Survival Act, rather than the Death Act.

An action under the Survival Act was an action for personal injuries, the right to which had accrued to the injured, and thus was subject to Mich.Stat.Ann. § 27.605, Comp.Laws 1948, § 609.13, providing that actions to recover damages for injuries to persons must be brought within three years from the time the action accrues. But the time for bringing such an action where the injured person dies is extended by Mich. Stat.Ann. § 27.610, Comp.Laws 1948, § 609.-18, which states that if a person shall die before the limit of the time in which he might himself bring an action has expired, and if the claim survives, the action may be brought by the deceased person's administrator at any time within two years after the granting of letters of administration, provided that in no event may an action be brought more than three years after the expiration of the time limit which would have applied had the plaintiff lived. This statute provides the important exception which is relied on to keep this present action alive. As seems clear, it would thus have kept alive an action under the former Survival Act.

The situation as to the former Death Act is, however, not so clear. Indeed, it has been shortly stated in two cases that claims under this Act were subject to the three-year limitation applicable to actions for personal injuries. From this it might be argued as a corollary that, since the action accrued only to the personal representative, there was nothing upon which the exception of § 27.610 could apply. But such a conclusion involves two steps in deduction, of which we are not too confident of even the first, since the point was not considered with any care in the two cases to which we refer. In Cugell v. Sani-Wash Laundry Co., 280 Mich. 286, 273 N.W. 571, where plaintiff had followed the then usual practice of inserting counts upon both the Death and the Survival Acts, the court cited both § 27.605 and § 27.610 as the applicable statutes of limitation and went on to hold, not unnaturally, that a suit brought twenty-one years after the wrongful death was definitely barred. In the other case, Szydelko v. Smith's Estate, 259 Mich. 519, 244 N.W. 148, where the decedent was

"instantly killed," the court treats the action as one for personal injuries, with the three-year statute applicable; but the action is held nevertheless maintainable under the exception of § 27.610 because of the delay in appointing an administrator for the defendant. Since there the administrator for the plaintiff had been promptly appointed, the case does not actually turn upon our present point. Perhaps the most immediately significant thing about these cases, in addition to their failure to discuss this matter beyond the bare reference to the three-year statute, is the tacit assumption that there is nothing to prevent the application of the exception of § 27.610 to death cases. Had the matter been viewed on principle, there would have been much to have been said for the application of the general provisions of § 27.605, allowing six years for the commencement of actions except where otherwise specified. Thus compare the oft-cited case of Lake Shore & M. S. Ry. Co. v. Dylinski, 67 Ill.App. 114, that a statutory right of this form is not an action for the injury suffered by the deceased, but a new action to the widow or next of kin for their pecuniary loss by their death; and Tiffany, Death by Wrongful Act § 123, 2d ed. 1913, that such an action, as distinguished from one under a survival statute, "is not strictly one for personal injuries, and it is generally held that the statute providing for notice [to a municipality], and limiting the time within which the action may be brought, is not applicable."

■ Since there is thus no definitive precedent under the statutes as they then read, it is profitless to try to determine with finality what the Michigan court might have done had the issue been squarely presented. But we do think this murky situation does mean at least that there is no such definitive rule as must be continued into the new statute to force a continuing bifurcation of the remedies contrary to the express statutory intent. For the law was quite altered in 1939, when the Michigan legislature, by Pub.Acts 1939, No. 297, combined the two actions into a single one by an enactment which expressly stated that "all actions for such death, or injuries resulting in death, shall hereafter be brought only under this act." Mich.Stat.Ann. § 27.711. This act also provided for the repeal of any inconsistent provisions of the Survival Act. Mich.Stat.Ann. § 27.713, Comp.Laws 1948, § 691.583. After some difficulty in the construction of this new statute it was made quite clear by the prevailing opinion in Re Olney's Estate, 309 Mich. 65, 14 N.W.2d 574, that the Survival Act is not repealed, but is incorporated into the Death Act to form a single grant of recovery. And in Baker v. Slack, 319 Mich. 703, 30 N.W.2d 403, it is decided that the repeal for inconsistencies really goes only to the measure of damages, which is now made the same or at least comparable for what were formerly two different claims.

■ Since the present action is set up as a survival action under the combined remedy now granted by § 27.711, the three-year period of § 27.605 obviously applies, but is extended a maximum of three years by the provisions giving time for the appointment of an administrator in § 27.610. Cf. Szydelko v. Smith's Estate, supra. And plaintiff by his allegations has certainly brought his case within the limits which the combination of these two limitation statutes imposes. But even if it should develop at the trial that death was, in fact, instantaneous, and that the action is grounded in the features of § 27.711 which continue the former Death Act, we think the preferable view to be that, nevertheless, the action is not barred. Of course that would be clear were the analogies from other states suggesting the applicability of the general six-year statute to be held controlling. But the clear-cut rule as to the survival cases, the background of apparent judicial reaction that § 27.610 does apply broadly in death cases, and the legislative attempt to blot out the troublesome distinctions between these former diverse rights lead us to believe that the Michigan court will hold this exception to the limitation statute also applicable to this branch of the now combined death claim.

■ It is obvious that the necessities of decision have forced upon us the rather delicate task of interpreting a state statute

to carry out what seems to us the statutory purpose in a situation not yet visualized in the home precedents. Our role of mere "ventriloquist's dummy" as to state law, Richardson v. C. I. R., 2 Cir., 126 F.2d 562, 567, 140 A.L.R. 705, is here made all the more difficult because we must expound the law of one state as viewed through the eyes of another state. The practice at times resorted to of withholding federal judgment until a state declaratory judgment action has been had to secure a possibly authoritative expression of the state law seems hardly feasible when the law of two different states is thus involved. Justice delayed would surely be justice denied if such long postponement were to be required. The present view of the Supreme Court limits this procedure to definite situations, such as the avoidance of decision on a federal constitutional issue. The parties here have not suggested it. We agree that to refrain from deciding, as best we may, the state issues presented to us "would be to enervate diversity jurisdiction." Propper v. Clark, 337 U.S. 472, 489, 490, 69 S.Ct. 1333, 1343.

Since, in our judgment, therefore, this action is not barred by either the lex loci or the lex fori, it is unnecessary to decide whether or not Michigan law may be controlling in any event, on the theory that the time limitation which Michigan law provides is a condition of the right granted by the statute, and not merely of the remedy. Cf. Maki v. George R. Cooke Co., 6 Cir., 124 F.2d 663, 146 A.L.R. 1352, certiorari denied George R. Cooke Co. v. Maki, 316 U.S. 686, 62 S.Ct. 1274, 86 L.Ed. 1758; Calvin v. West Coast Power Co., D.C.Or., 44 F.Supp. 783; Restatement, Conflict of Laws § 605, 1934; Goodrich, Conflict of Laws § 86, 3d ed. 1949. Contra: Wright v. Kroydon Co., 154 A. 195, 9 N.J.Misc. 287.

■ Defendants' motion to dismiss also questioned plaintiff's standing to sue here, upon the contention that, in order to bring this action, plaintiff should first have qualified as ancillary administrator. (We disregard the plaintiff's joinder of himself in his individual capacity, since there is no basis in the statute for a claim in such right.) The court below did not pass on this question, holding that the action was barred by the New York statute of limitations. The New York Court of Appeals recently had occasion to consider whether or not a Michigan administrator might sue for wrongful death on his original letters, and held that he might. Wiener v. Specific Pharmaceuticals, 298 N.Y. 346, 83 N.E. 2d 673. The court there left open the question of whether the inclusion in plaintiff's claim of a count based on the pain and suffering of the decedent might affect the standing of the foreign administrator. We cannot think, however, that the addition of this claim would change the result.

As was said in the Wiener case, supra, 298 N.Y. at page 351, 83 N.E.2d at page 675: "It has been repeatedly observed that the reason for insisting that a foreign administrator obtain ancillary letters before suing in another State is to assure that the decedent's domestic creditors shall have their claims paid out of any fund recovered for the benefit of the debtor's estate. * * * The rule barring foreign administrators from our courts is just and reasonable only if applied in cases, first, where there are domestic creditors, and second, where the foreign administrator sues to recover a fund in which such creditors may share." Accord: Taylor v. Syme, 162 N.Y. 513, 518, 57 N.E. 83; Cooper v. American Airlines, supra. And suit on the original letters was allowed in the Wiener and Cooper cases because the administrator was found to be a statutory trustee, taking the funds for the benefit of certain designated relatives of the deceased, and thus the fund recovered was not subject to claims of creditors. Restatement, Conflict of Laws § 396, comment c; Goodrich, Conflict of Laws § 104, 3d ed. 1949.

As we have pointed out in discussing the earlier issue, the recent Michigan cases, In re Olney's Estate and Baker v. Slack, both supra, make it clear that the 1939 amendments to the Michigan Death Act have created a unitary action for death and survival. The plain wording and obvious intent of the statute is to make an adminis-

trator a statutory trustee for the entire unitary action. Thus on the reasoning of the Wiener case a rule requiring a Michigan administrator to obtain ancillary letters before he can recover in New York for the pain and suffering of his decedent no longer is justified, and plaintiff's original letters are just as valid credentials for this portion of the claim as for that for damages for the death itself. We think a distinction made here would be based on that form of sheer verbalism which in the Cooper case, supra, we said—prophetically in fact—we would not ascribe to the New York Court of Appeals.

Judgment reversed; action remanded.